# BUNDY *v.* COCKE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF KENTUCKY.

No. 42. Argued and submitted October 29, 1888. — Decided November 12, 1888.

A bill in equity, filed in Kentucky, by the receiver of a national bank located
in Arkansas, against a married woman and her husband, alleged to be
citizens of Kentucky, to enforce against the separate property of the
wife the collection of an assessment by the comptroller of the currency
of 50 per cent of the par value of the stock, as an individual liability of
the shareholders, averred that when the bank suspended, the wife was
the owner of 100 shares of the stock, and that it still stood in her name
on the books of the bank, and that she possessed property in her own
right sufficient to pay such assessment: *Held*, on demurrer to the bill
that, so far as appeared, the remedy was in equity, and the bill was
sufficient on its face.

THE case is stated in the opinion of the court.

*Mr. John Mason Brown* for appellant. *Mr. Alexander P.
Humphrey* and *Mr. George M. Davis* were with him on the
brief.

*Mr. B. F. Buckner* for defendant in error submitted on his
brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 4th of February, 1885, Martin L. Bundy, receiver of
the Hot Springs National Bank, of Hot Springs, in the State
of Arkansas, filed his bill of complaint in the Circuit Court of
the United States for the district of Kentucky, against William
M. Cocke and Amanda M. Cocke, his wife, and James Flana-
gan and Sue Flanagan, his wife, all of the defendants being
alleged in the bill to be citizens of Kentucky.

The bill alleges that, on the 1st of March, 1884, the bank
was a corporation created and organized under the national
banking statutes, with a capital stock of $50,000, divided into

500 shares of $100 each at their par value; that it had its office of discount and deposit in the city of Hot Springs, in the State of Arkansas; that it suspended the business of banking on the 27th of May, 1884; that the plaintiff was duly appointed receiver of the bank on the 2d of June, 1884; and that, on the 25th of July, 1884, the comptroller of the currency determined that it was necessary to enforce the individual liability of the shareholders in the bank, to the amount of 50 per centum of the par value of its capital stock, "and did make an order and requisition on the stockholders and each and every one of them, equally and ratably, as the shares were held and owned by them respectively at the time said bank suspended and ceased to do business," and directed the plaintiff "as such receiver" to take the necessary legal proceedings to enforce such assessment against the shareholders in said bank, and each and every one of them.

The bill then contains the following allegation: "And your orator would further state, that on the 27th day of May, A.D. 1884, when said bank suspended and ceased to do business, Amanda M. Cocke, wife of William M. Cocke, (both of whom are made defendants hereto,) was the owner of 100 shares of the capital stock thereof, of the par value of $10,000, and the same still stands in her name on the books of the said association, on which the equal and ratable assessment and requisition made by the comptroller as aforesaid is $5000, with interest thereon from the said 25th day of July, 1884; that said defendant Amanda is possessed of property in her own right amply sufficient to pay said assessment, but utterly refuses to do so."

Then follows a like allegation as to Mrs. Flanagan, as the owner of twelve shares of the stock.

The prayer of the bill is, that an account be taken of the shares of stock held by each of the married women defendants respectively, at the date of such suspension and the assessment and requisition made by the comptroller of currency thereon, and that a decree be made for the payment thereof out of the separate property held by the married women defendants in their own right, as each may be found indebted, with interest.

Mr. and Mrs. Cocke filed a demurrer to the bill for want of equity and also for multifariousness. The plaintiff then amended the bill by striking out the names of Flanagan and his wife as defendants; and, in July, 1885, he filed a bill of revivor, based on the fact of the death of Mrs. Cocke in March, 1885.

The bill of revivor alleges, that when Mrs. Cocke died, she was a citizen of Kentucky, and was domiciled and resident therein; that she left a will whereby her husband was appointed her sole executor and her sole residuary legatee and devisee; that the will had been duly proved and recorded in the proper court in Kentucky; and that Mr. Cocke had accepted the terms of the will and taken upon himself the office of such executor. The bill prays for the revival of the suit against Mr. Cocke as devisee and legatee of his wife and as sole executor of her will, and for relief against him out of all assets received or held by him as devisee or legatee of his wife or as executor of her will.

Mr. Cocke appeared and filed a demurrer to the bill of revivor, for want of equity. The cause was heard on the demurrer to the bill and the demurrer to the bill of revivor. The court sustained both of the demurrers, giving to the plaintiff time to amend his bill, and, he declining to do so, a decree was entered dismissing it. From that decree the plaintiff has appealed.

From the opinion of the court, accompanying the record, the ground of the dismissal appears to have been, that the bill was defective in not alleging that, at the time Mrs. Cocke became a stockholder, she had the capacity to become a stockholder. But we think the bill is not open to this objection. It alleges that, at the time the bank suspended, Mrs. Cocke "was the owner" of the 100 shares. This is an allegation that she was then the lawful owner of those shares, and had lawfully become such owner, with the capacity to become such owner at the time she became such owner. It is consistent with this allegation, that she may have owned the shares before she married Mr. Cocke, or that, when she became such owner, if she was then the wife of Mr. Cocke, she had the right to be-

come such owner, by virtue of the laws of the State of Arkansas, where the bank was located, in connection with the provisions of the statutes of the United States in regard to national banks.

Section 4194 of the Digest of the Statutes of Arkansas, published in 1874, c. 93, p. 756, provides as follows: " Section 4194. A married woman may bargain, sell, assign and transfer her separate personal property, and carry on any trade or business, and perform any labor or services on her sole and separate account; and the earnings of any married woman, from her trade, business, labor or services shall be her sole and separate property, and may be used or invested by her in her own name; and she may alone sue or be sued in the courts of this State on account of the said property, business or services." Under this provision, if it was in force at the time of the transaction, it would seem that Mrs. Cocke, when a married woman, might lawfully have either subscribed for or taken an assignment of the shares, they being shares of a national bank in Arkansas, and the transaction being, therefore, governed by the statutes of Arkansas, unless, under special circumstances, a different rule ought to govern. *Milliken* v. *Pratt,* 125 Mass. 374.

As the bill alleges that Mrs. Cocke is possessed of property in her own right amply sufficient to pay the assessment, and as the prayer of the bill is for a decree for the payment of the amount of the assessment out of the separate property held by her in her own right, and as the bill of revivor prays for relief against Mr. Cocke out of the assets received by him as the legatee or devisee of his wife, or as executor of her will, the case is clearly one of equitable cognizance, because it does not appear that she could be sued at law, to reach her separate property. 3 Pomeroy's Eq. Juris., § 1099.

The original bill and bill of revivor are sufficient on their faces to call upon Mr. Cocke to answer them, and, when all the facts bearing upon the case are fully developed, the rights of the parties can be properly adjudicated. For that reason, we refrain from considering any of the other questions discussed at the bar.

*The decree of the Circuit Court is reversed, and the case is remanded to that court, with a direction to overrule the demurrer to the original bill and the demurrer to the bill of revivor, and to take such further proceedings as may be proper and not inconsistent with this opinion.*