## BENTON et al. v. AMERICAN NAT. BANK OF MACON.

(Circuit Court of Appeals, Fifth Circuit. November 5, 1921.)

No. 3706.

1. **Equity** ⊜150(1)—**Bill joining all bank stockholders held not multifarious.**

   In a suit under Comp. St. §§ 9689, 9806, 9807, to enforce the individual liability of the shareholders of a national bank which has gone into liquidation, the joining of all the shareholders does not render the bill multifarious.

2. **Banks and banking** ⊜250(4)—**Shareholders of a corporation held proper parties in a suit to enforce stockholders' liability on the stock held.**

   In a suit by one national bank against another to enforce shareholders' liability, in which a finance company was made defendant as a shareholder of the defendant bank, it appearing that such finance company had been dissolved, a petition that certain shareholders of such dissolved company to whom assets of such company had been distributed be made parties defendant was properly granted, their liability being limited to the amount of assets received by them, against the objection that joining them made the bill multifarious and was a misjoinder of parties defendant and that, if they were joined, other stockholders of the dissolved corporation should have been joined.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Action by the American National Bank of Macon against the Commercial National Bank of Macon and others. From a decree granting a petition to make certain shareholders of a third corporation parties, L. O. Benton and others, as shareholders, appeal. Affirmed.

Charles L. Bartlett and Robert L. Berner, both of Macon, Ga. (Green F. Johnson, of Monticello, Ga., on the brief), for appellants.

George S. Jones and Orville A. Park, both of Macon, Ga. (Jones, Park & Johnston, of Macon, Ga., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and SIBLEY, District Judge.

WALKER, Circuit Judge. The Southern Securities & Financing Company, a Georgia corporation (herein referred to as the Financing Company), was named as a party defendant in a bill in equity in the nature of a creditor's bill filed against the Commercial National Bank of Macon and its shareholders after that bank had, in 1914, gone into voluntary liquidation as authorized by statute; the relief sought being the enforcement of the individual liability of such shareholders, and it being alleged that the Financing Company was the holder and owner of 103 shares of the capital stock of said bank. Service of subpoena was made in January, 1917, upon one of the appellants, L. O. Benton, as the president of the Financing Company. A traverse to the marshal's return showing such service was filed, upon the ground that at the time of the attempted service there was no such corporation as the Financing Company; the corporation previously existing under the above-stated name having surrendered its charter and been dissolved as a

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

corporation in August, 1915. After that traverse was sustained, the plaintiff in the bill, the appellee here, filed its petition praying that certain stockholders of the dissolved corporation, the appellants here, be made parties defendant to the bill in lieu of the Financing Company. That petition alleged that upon the dissolution of the Financing Company its assets were distributed to the appellants and its other stockholders, and asserted the claim that the liability of the Financing Company as a stockholder in said bank is enforceable against the appellants to the extent of the assets of the Financing Company distributed to and taken by them respectively. Over objections interposed by the appellants, the court ordered that they be made parties defendant in said cause, and that the cause proceed against them in lieu and instead of the Financing Company; the liability of the appellants being limited to the amount of assets of the Financing Company received by them respectively. The just-mentioned action of the trial court is complained of upon the grounds: (1) That the effect of it was to make the bill multifarious and to bring about a misjoinder of parties defendant; and (2) that other stockholders of the Financing Company should have been joined with the appellant as defendants.

[1] If the Financing Company had remained in existence it would have been a proper party defendant. The suit was such a one as is provided for by statute for the enforcement of the individual liability of the shareholders of a national bank which has gone into liquidation. U. S. Compiled Statutes Anno. §§ 9689, 9806, 9807. The joining of all the shareholders of the bank as defendants does not render such a bill multifarious. Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864; Wyman v. Wallace, 201 U. S. 230, 26 Sup. Ct. 495, 50 L. Ed. 738; Williamson v. American Bank, 115 Fed. 793, 52 C. C. A. 1. The effect of the court's action which is complained of was to substitute the appellants in the place of the dissolved Financing Company, for the enforcement against them of the Financing Company's liability as a shareholder, but to the extent only of the Financing Company's assets received by them respectively. In the case of Matteson v. Dent, 176 U. S. 521, 20 Sup. Ct. 419, 44 L. Ed. 571, it was decided that the liability of a deceased owner of stock in a national bank was enforceable, to the extent of the distributive shares received, against the widow and one only of six children of the deceased, to all of whom such stock was allotted in indivision, in proportion to their interests in the estate, in pursuance of a statute which made property so allotted subject to the payment of debts of the deceased.

The following was said in the opinion:

"The obligation of a subscriber to stock, to contribute to the amount of his subscription for the purpose of the payment of debts, is contractual, and arises from the subscription to the stock. * * * This contract obligation, existing during life, is not extinguished by death, but like other contract obligations survives and is enforceable against the estate of the stockholder."

The following Georgia statute evidences an intention to make the stockholders of a dissolved corporation liable for its debts, to the extent of its money or funds received by them, and to make such liability enforceable against all or any one or more of such stockholders:

"In all suits against the members of a private association, joint-stock company, or the members of existing or dissolved corporations, to recover a debt due by the association, company, or corporation, of which they are or have been members, or for the appropriation of money or funds in their hands to the payment of such debt, the plaintiff or complainant in such suit may institute the same, and proceed to judgment therein against all or any one or more of the members of such association, company, or corporation, or any other person liable, and recover of the member or members sued the amount of unpaid stock in his hands, or other indebtedness of each member or members; provided, the same does not exceed the amount of the plaintiff's debt against such association, company, or corporation; and if it exceeds such debt, then so much only as will be sufficient to satisfy such debt." Civ. Code 1895, § 1892.

The just-quoted statute was in existence long prior to the enactment in 1910 of the Georgia statute under which the Financing Company was dissolved. Park's Anno. Code of Georgia, § 2823 et seq. The last-cited statute does not purport to repeal or modify the one above set out. A Georgia corporation's contract obligations survive its dissolution and remain enforceable against its assets, and against its stockholders to the extent of its assets distributed to and received by them respectively.

[2] What has been said sufficiently indicates the grounds of the conclusion that the appellants were properly made parties defendant, in place of the dissolved corporation of which they were stockholders, for the purpose of enforcing against them that corporation's liability as a shareholder in the liquidating bank, but to the extent only of the amount of the dissolved corporation's assets received by them respectively upon its dissolution. The appellants were liable because they were the recipients of assets of the Financing Company which remained subject to be applied to the payment of its debts. It was not incumbent on the appellee to proceed against all the Financing Company's stockholders who shared in the distribution of its assets. Whatever right the appellants have to require other stockholders of the Financing Company to contribute to the amount required to discharge that company's liability as a shareholder in the bank is an equity existing in their favor against such other stockholders, in which the creditor, the appellee, has no concern. Some affirmative proceeding against such other stockholders was required for the enforcement of that equity. The record does not show that in the trial court its enforcement was sought by the appellants. The fact that there were other stockholders, and their names and places of residence, were mentioned in that part of the answer of the appellants to the order to show cause why they should not be made parties defendant, which raised the objection that the appellants could not be proceeded against unless the other stockholders of the dissolved corporation were joined with them. The appellants did not ask that other stockholders of the Financing Company be made defendants, to the end that they be required to contribute to the amount needed to satisfy the demand asserted by the bill. The question whether the equity of contribution could or could not have been enforced in this suit is not decided, because it was not raised in the trial court. The court did not err in the ruling complained of.

The decree is affirmed.