## CAPPS MFG. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 19, 1926.)

### No. 4767.

**1. Internal revenue ⬳28(2).**

Government's suit for corporation income and excess profits taxes, commenced within five years after filing of return, *held* not barred by limitations, under Revenue Act 1921, § 250, subd. (d), being Comp. St. § 6336⅛tt.

**2. Corporations ⬳225.**

Stockholder is liable for debts of dissolved or expired corporation to the extent of the value of its assets acquired by him by virtue of his relation as stockholder.

**3. Internal revenue ⬳27(2).**

Sole stockholder, taking over all assets of dissolved or expired corporation, worth more than its debts, *held* liable in suit in equity for unpaid corporate income and excess profits taxes.

**4. Internal revenue ⬳28(2).**

Sole stockholder, taking over without sale or transfer all assets of dissolved or expired corporation, *held*, under the evidence, not a good-faith purchaser, in suit for unpaid income and excess profits taxes.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit by the United States against the Capps Manufacturing Company. Decree for the United States (9 F.[2d] 79), and defendant appeals. Affirmed.

A. C. Wheeler, of Gainesville, Ga., for appellant.

C. P. Goree, of Atlanta, Ga., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This suit, which was brought by the appellee, the United States, on March 22, 1924, asserted the claim that the appellant, Capps Manufacturing Company, was liable for the alleged amount of income and excess profits taxes assessed against the Capps Cotton Mill, Incorporated, for the period from January 1, 1918, to June 17, 1918. The bill contained the following allegation:

"That the defendant, the Capps Manufacturing Company, was the sole stockholder of the Capps Cotton Mill, Incorporated, and that when said Capps Cotton Mill, Incorporated, ceased doing business and abandoned its charter, which has since expired, and was finally liquidated, the Capps Manufacturing Company, without bill of sale, deed, or other formality, took over all assets of the Capps Cotton Mill, Incorporated."

The just-quoted allegation was put in issue. Evidence adduced was to the following effect:

The appellant was organized pursuant to an agreement entered into by the stockholders and depositors of the First National Bank of Toccoa, Ga., after the assets of that bank had been placed in the hands of a receiver appointed by the Comptroller of the Currency in a proceeding to wind up the affairs of the bank. That agreement, after reciting that said bank then was in the hands of said receiver, that its assets included claims against Capps Cotton Mill, Toccoa Banking Company, Toccoa Falls Light & Power Company, Toccoa Realty Company, and Georgia Furniture Company, and considerable stock of each of said companies, provided as follows:

"That said new company will undertake the purchase of the assets belonging to the First National Bank, to be sold by said W. L. Wilson, receiver, and will undertake to purchase all the property of Capps Cotton Mill, Toccoa Banking Company, Toccoa Falls Light & Power Company, Georgia Furniture Company, and Toccoa Realty Company, so that said new company will have every asset, real, personal, and mixed, including notes, accounts, choses in action, judgments, mortgages, bonds, and everything obtainable from said companies and said receiver, all of said assets to belong solely to the new company after the payment of such indebtedness as may exist, not having been paid up to the time of said several companies, including the bonds due T. A. Capps, which are secured by mortgages on the property of said Capps Cotton Mill."

The appellant acquired the assets of said bank under a sale thereof pursuant to a decree of court. Among those assets was all of the capital stock of Capps Cotton Mill, except 15 shares. That decree ordered the sale only of the assets of the bank, which included the shares of the capital stock of Capps Cotton Mill held by the bank, but did not include the properties of Capps Cotton Mill. The 15 shares of that stock not owned by the bank were acquired by the appellant from the owner thereof. During the period from January 1, 1918, to June 17, 1918, Capps Cotton Mill was operated in its own name by the owner of all its capital stock, who acquired the same as trustee under the above-mentioned agreement. Capps Cotton Mill took no corporate action for the disposition of its property, and that property was

not sold to or purchased by the appellant, which took possession of and operated that property as the owner of all the stock of the corporation which owned it. The properties of Capps Cotton Mill so taken possession of by the appellant exceeded in value the amount of its debts and liabilities, including its tax liability asserted by this suit. The charter of the Capps Cotton Mill expired in 1920.

On June 11, 1919, appellant filed a consolidated corporation income and profits tax return for the calendar year 1918, purporting to be a true and correct statement of the gains, profits, and income from all sources received by or accrued to appellant and Capps Cotton Mill during the calendar year ending December 31, 1918. That return did not correctly show the taxable net income of Capps Cotton Mill, subject to income and excess profits taxes, for the period from January 1, 1918, to June 17, 1918. On August 15, 1923, an additional income and excess profits tax in the amount of $5,556.61 for the above-mentioned period was duly assessed against Capps Cotton Mill. The court found that the amount so assessed was correct, and by its decree adjudged that appellant pay, out of the assets of Capps Cotton Mill taken over by appellant, that amount, with interest thereon at 1 per cent. per month from the 14th day of September, 1923.

[1] The claim asserted was resisted on the ground that it was barred by limitation. The applicable limitation is prescribed in section 250 (d) of the Revenue Act of 1921 (42 Stat. 264 [Comp. St. § 6336⅛tt]), which provides that "no suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts, * * * shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this act." The suit was in time, as it was brought within five years from the date of the filing of the above-mentioned return made by the Capps Manufacturing Company.

[2,3] To the extent of the value of the assets of a dissolved or expired corporation acquired by a stockholder thereof by virtue of his relation as stockholder to the corporation, he is liable for the debts owing by the corporation. Capps Cotton Mill, by the expiration of its charter, having ceased to exist, the appellant, which used its position as sole stockholder to take over for its own use all the assets of that corporation, which were worth more than its debts, thereby made itself subject to be sued in equity for the enforcement of the tax liability asserted by the suit. Curran v. Arkansas, 15 How. 304, 14 L. Ed. 705; Benton v. American National Bank (C. C. A.) 276 F. 368; McWilliams v. Excelsior Coal Co. (C. C. A.) 298 F. 884.

[4] Under the evidence there is no merit in the contention that the appellant was the purchaser in good faith of the assets of Capps Cotton Mill. There was no semblance of a sale of such assets to the appellant. After it became sole owner of the capital stock, the appellant took over the assets of that corporation, without any sale or transfer thereof by that corporation, and thereafter used and dealt with such assets as its own property. The fact that the above-mentioned agreement shows that a purchase by the appellant of all the property of Capps Cotton Mill was contemplated is not evidence that such a purchase was made.

The decree appealed from was not erroneous on any ground which was suggested. That decree is affirmed.