### CALDWELL v. MORFA et al.

District Court, N. D. Texas, Dallas Division. January 28, 1928.

1. **Removal of causes ⚖116—Attachment before removal continues, state law governing (Jud. Code, § 36 [28 USCA § 79]).**

Under Judicial Code, § 36 (28 USCA § 79), an attachment made before removal continues effective, and proceedings thereon are governed by the state law.

2. **Attachment ⚖6—Liability of stockholder in national bank for assessment arising out of contractual relationship is "debt" or "demand" authorizing attachment under Texas statute against nonresident (Rev. St. Tex. 1925, art. 275).**

Liability of stockholder in national bank for assessment made by comptroller arising out of contractual relationship, is a "debt" or "demand" within the Texas statute (Rev. St. 1925, art. 275), authorizing attachment against property of nonresident.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt; Demand.]

At Law. Action by R. B. Caldwell, receiver of the Planters' National Bank of Honey Grove, Tex., against Mrs. Myrtle Morfa and another. On motion to quash attachment. Denied.

J. M. McCormick, of Dallas, Tex., for the motion.

M. B. Harrell, of Greenville, Tex., opposed.

ATWELL, District Judge. The plaintiff, the receiver of the Planters' National bank of Honey Grove, Tex., brought this suit in the district court of Hunt county, and simultaneously sued out a writ of attachment, which he caused to be levied upon certain real estate belonging to Mrs. Morfa. The husband is a pro forma defendant. No personal judgment against Mrs. Morfa, who is a resident of the state of Illinois, is sought.

Seasonable removal to this court was had, and a motion to dismiss on the ground that neither the defendant nor the plaintiff resided within this district was overruled; the court holding that the controversy between the plaintiff and the defendant was within its jurisdiction, and that the defendant had removed it to the proper district, that section of the Judicial Code which relates to the venue of suits (28 USCA § 112) not being controlling as to the removal, the controversy here being between citizens of different states and over a matter arising out of the laws of the United States. General Investment Co. v. Lakeshore Railroad, 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Cowley v. Northern Pac. Railroad Co., 159 U. S. 569, 16 S. Ct. 127, 40 L. Ed. 263; Lee v. C. & O. Railroad Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443. Read, also, In re Albert Moore, 209 U. S. 491, 28 S. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Louisville & N. R. Co. v. W. U. Tel. Co. (D. C.) 218 F. 91.

Thereupon the defendant filed a motion to quash the attachment on the ground that the liability of a stockholder in a national bank, under the federal statute, is not an "indebtedness" or "demand" within the meaning of the Texas statute.

The Texas statute (Rev. St. 1925, art. 275), is as follows:

"The judges and clerks of the district and county courts and justices of the peace may issue writs of original attachment, returnable to their respective courts, upon the plaintiff,

his agent or attorney, making an affidavit stating: (1) That the defendant is justly indebted to the plaintiff, and the amount of the demand; and (2) That the defendant is not a resident of the state."

[1] When a suit is removed from a state to a United States court, any attachment of the estate of the defendant which was had in the state court will continue to hold the estate to answer the final judgment in the national court. Section 36, Judicial Code; USCA p. 566, tit. 28, § 79.

This provision has been held to mean that the state law with reference to attachments will control in the federal court. Pere-Marquette R. Co. v. Western Heater Dispatch (D. C.) 284 F. 574.

[2] The liability of a stockholder in a Texas state bank upon a state statute, in almost the precise words of the United States statute, is such a "debt" and "demand" as would authorize an attachment, since it arises out of a contractual relation. Stringfellow v. Patterson (Tex. Civ. App.) 192 S. W. 555. See, also, Felker v. Douglass (Tex. Civ. App.) 57 S. W. 323; Gould v. Baker, 12 Tex. Civ. App. 669, 35 S. W. 708; Chapman v. Thomas (Tex. Civ. App.) 283 S. W. 337.

The defendant has filed a very able brief, and contends that an assessment made by the comptroller under the authority of the statute is in the nature of a penalty, and does not arise from the stockholder's contract either express or implied, but I am of the opinion that the question is ruled against her, not only by the Texas cases under the Texas attachment statute, but likewise by the following United States holdings: Williams v. Travis (C. C. A.) 277 F. 134; Benton v. American National Bank of Macon (C. C. A.) 276 F. 368; Richmond v. Irons, 121 U. S. 270, 7 S. Ct. 788, 30 L. Ed. 864; Christopher v. Norvell, 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740; McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437; Deweese v. Smith et al. (C. C. A.) 106 F. 438, 66 L. R. A. 971.

The motion to quash is overruled.