**AUSTIN, Commissioner of Banking, v. STRONG.  (No. 860–4949; Motion No. 7958.)**

Commission of Appeals of Texas, Section B. March 7, 1928.

Banks and banking ⚙⟹47(1)—Widow's separate property held not liable for assessment on half interest in bank stock purchased by husband on behalf of community estate.

Husband's purchase of bank stock on behalf of community estate created no contractual relation between bank and his wife, and her separate property cannot be held liable after his death for assessment on her half interest in such stock as community survivor, in absence of showing that she entered into such relation, expressly or impliedly, since husband's death.

On motion for rehearing.  Motion overruled.

For original opinion, see 1 S.W.(2d) 872.

L. L. James, of Greenville, for appellant.

Clark, Harrell & Starnes, of Greenville, and C. C. McKinney, of Cooper, for appellee.

LEDDY, J. In the motion for rehearing, appellant concedes the correctness of the holding in the original opinion that appellee is not liable to assessment for the one-half interest in the bank stock passing to her by inheritance from her deceased husband, but asserts that, inasmuch as Mrs. Strong was the owner, not by inheritance, but as community survivor, of a one-half interest in such bank stock, she is individually liable for an assessment thereon.

We are unable to agree with this contention. The original subscription for the stock made by appellee's husband was a contract with the bank with reference to the community estate; hence the same was a charge only against that estate.

Strong's purchase on behalf of the community estate of the bank stock did not have the effect, during his lifetime, of creating any contractual relation between the bank and his wife. It appears from an unchallenged finding of the trial court that Mrs. Strong has not since the death of her husband entered into any such relation either expressly or impliedly; hence her separate property cannot be held liable for an assess-

ment on this stock, as such contract is the basis for personal responsibility.

We recommend that the motion for rehearing be overruled.