## SHAW, Banking Com'r, v. FINNEY et al. (No. 3504.)

Court of Civil Appeals of Texas. Texarkana. May 16, 1928.

Rehearing Denied May 24, 1928.

Husband and wife ☞268(1)—Community property is not liable for assessment of wife's stock in insolvent bank; "debt" (Const. art. 16, § 16; Rev. St. 1925, arts. 535, 4621).

Wife's liability for assessment of her shares of insolvent bank's stock by banking commissioner for payment of bank's debts, under Const. art. 16, § 16, and Rev. St. 1925, art. 535, is a "debt" resulting from wife's contract, within Rev. St. 1925, art. 4621, exempting community property from liability for such debts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

Error from District Court, Lamar County; Newman Phillips, Judge.

Action by Charles O. Austin, for whom James Shaw was substituted, as Banking Commissioner, against Mrs. Valma Finney and husband. Judgment against named defendant alone, and plaintiff brings error. Affirmed.

This suit, commenced by Charles O. Austin as banking commissioner and prosecuted to a

---

judgment by his successor in office, plaintiff in error, James Shaw, was to recover of defendants in error Valma Finney and her husband, R. H. Finney, $1,333.33⅓, alleged to be the amount of an assessment made by the banking commissioner, as authorized by a part of section 16 of article 16 of the Constitution, as follows:

"The Legislature shall, by general laws, authorize the incorporation of corporate bodies with banking and discounting privileges, and shall provide for a system of state supervision, regulation and control of such bodies which will adequately protect and secure the depositors and creditors thereof. Each shareholder of such corporate body incorporated in this state, so long as he owns shares therein, and for twelve months after the date of any bona fide transfer thereof, shall be personally liable for all debts of such corporate body existing at the date of such transfer, to an amount additional to the par value of such shares so owned or transferred, equal to the par value of such shares so owned or transferred,"

—and article 535 of the Revised Statutes of 1925, as follows:

"If default shall be made in the payment of any debt or liability contracted by any bank, savings bank or bank and trust company, each stockholder of such corporation, as long as he owns shares therein, and for twelve months after the date of a transfer thereof, shall be personally liable for all debts of such corporation existing at the date of such transfer, or at the date of such default, to an amount double the par value of such shares,"

—against said defendants in error as the owners of 13⅓ shares, of the par value of $100 each, of the capital stock of the insolvent First State Bank of Paris, Tex., in said banking commissioner's hands for liquidation. It was alleged that while defendant in error Valma Finney appeared on the books of the bank to be the owner of the 13⅓ shares of stock, it in fact belonged to the community estate between her and her husband, the other defendant in error. The prayer was that, if judgment for the amount sued for was rendered against the wife alone, execution should be awarded against her interest in the community estate between her and her husband, as well as against her separate estate. At the trial (which was to the court without a jury) it was admitted "in open court," the judgment recites, that at that time and at the time the bank failed the 13⅓ shares of stock in fact belonged to defendant in error Valma Finney's separate estate. The appeal is from a judgment in favor of the banking commissioner for the $1,333⅓ against defendant in error Valma Finney alone, and directing that execution thereon should be levied only on her separate property.

T. N. Jones and David Wuntch, both of Tyler, for plaintiff in error.

W. F. Moore, of Paris, for defendant in error.

WILLSON, C. J. (after stating the facts as above). The question for determination presented by this appeal may be stated as follows: Has the banking commissioner a right to have community property of a husband and wife, not the personal earnings of the wife nor income, rents, and revenues from her separate property, subjected to the satisfaction of a judgment in his favor for the amount of a lawful assessment duly made by him against the wife as the owner of shares of the capital stock of an insolvent state bank?

The trial court's conclusion that the question should be answered in the negative was based (it is assumed) on parts, as follows, of the Revised Statutes of 1925:

"Art. 4621. * * * The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children, unless the husband joins in the execution of the contract."

"Art. 4623. * * * Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children."

The contention of the banking commissioner was and is that the trial court's conclusion was unwarranted because, he asserts, the liability of the wife was "a constitutional and statutory one." Whether it was that kind of a liability or not need not be determined, for if it was it would not follow that the conclusion of the trial court was incorrect. The statute, it will be noted, declared that the community property (with the exception stated) should not be liable for debts resulting from contracts of the wife. Unquestionably, we think, the liability of the wife, when fixed by the assessment the banking commissioner made, was a *debt* (Stringfellow v. Patterson [Tex. Civ. App.] 192 S. W. 555; 17 C. J. 1371); and unquestionably, we think further, the debt *resulted from the contract whereby the wife became the owner of the stock*, for if that contract had not been made the liability the banking commissioner sought to enforce would not have existed (McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437; Austin v. Strong [Tex. Com. App.] 1 S.W.[2d] 872).

The judgment is affirmed.