**PEOPLE'S INDUSTRIAL LIFE INS. CO. OF LOUISIANA v. UNITED STATES.**

Circuit Court of Appeals, Fifth Circuit.
December 27, 1928.

No. 5356.

H. W. Robinson, of New Orleans, La., for appellant.

T. M. Logan Bruns, Asst. U. S. Atty., of New Orleans, La., and Ralph S. Scott, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C. (Edmond E. Talbot, U. S. Atty., and T. M. Logan Bruns, Asst. U. S. Atty., both of New Orleans, La., and Ralph S. Scott, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was a suit by the appellee against the appellant, a Louisiana corporation, and three individuals, to charge the parties sued with liability for the alleged amount of taxes, penalties, and interest assessed against a named mutual insurance corporation, without capital stock, which was engaged in the business of issuing life, health, and accident insurance policies until the date of its dissolution in the month of August, 1922. The parties sued were charged with liability on the ground that upon the dissolution of the corporation against which the taxes, penalties, and interest were assessed, its assets were distributed to the parties sued, and those parties as distributees received moneys, assets, and properties of the dissolved corporation, charged with a trust in favor of appellee, to the extent of said taxes, interest, and penalties due and unpaid. The answer of the appellant put in issue the allegations as to its receipt of money, assets, or property of the dissolved corporation. The evidence as to the connection between the dissolved corporation and the appellant was to the effect that appellant took over the liabilities of the dissolved corporation under policies issued by the latter and assumed the latter's obligations on death and sick claims and some printing bills. The evidence did not show that appellant as distributee or otherwise received any money, property, or other asset of value of the dissolved corporation. There was no evidence tending to prove that by assuming the above-mentioned liabilities of the dissolved corporation the appellant acquired an asset having any money value. The court dismissed the suit as to the individuals sued, and decreed that appellee recover of appellant the amount sued for, with interest thereon, and court costs.

We are of opinion that material allegations of the bill were not sustained by evidence. The evidence did not show that appellant acquired an asset of value of the dissolved corporation under such circumstances as to make appellant subject to be sued for the enforcement of the tax liability asserted. Capps Mfg. Co. v. United States (C. C. A.) 15 F.(2d) 528.

We find it unnecessary to pass on other questions presented.

The decree is reversed.