## DEL RIO BANK & TRUST CO. v. CORNELL.
### No. 6433.

Circuit Court of Appeals, Fifth Circuit.
March 12, 1932.

Rehearing Denied April 12, 1932.

John J. Foster, of Del Rio, Tex., for appellant.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

 The court disallowed a claim of the appellant that it was entitled to an equitable lien on land of the bankrupt which was intended to be included in a deed of trust or mortgage made by the bankrupt to the appellant more than a year prior to the bankruptcy, but by mutual mistake of the parties to that instrument was omitted therefrom. Under the recording laws of Texas the equitable title of the appellant to the omitted land was not required to be recorded in order to protect it against creditors of the bankrupt in whose favor an attachment or an execution on a judgment against the bankrupt was issued. Johnson v. Darr, 114 Tex. 516, 272 S. W. 1098. Under amended section 47a of the Bankruptcy Act (11 USCA § 75), the trustee in bankruptcy has the status of such a creditor, not the status of a bona fide purchaser for value and without notice. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Zartman v. First National Bank, 216 U. S. 134, 30 S. Ct. 368, 54 L. Ed. 418. The rights of the trustee in bankruptcy being subordinate to those of the appellant, based on the asserted equitable claim, which was supported by the evidence, the disallowance of that claim was erroneous.

The decree is reversed.