## BEST v. TURNER et al.

### SAME v. CAMP et al.

### Nos. 288, 289.

District Court, N. D. Texas, San Angelo Division.

Oct. 25, 1932.

E. M. Critz, of Coleman, Tex., for plaintiff.

Woodruff & Holloway, of Brownwood, Tex., for defendants.

ATWELL, District Judge.

An agreed statement of facts in each of the above cases shows the Coggin National Bank of Brownwood, Tex., to have been declared insolvent on the 27th day of April, 1932, and that an assessment in the sum of $100,000, the full amount of the capital stock, was ordered paid on or before July 9, 1932.

Each of the defendants, Mrs. May Turner and Mrs. Fannie Camp, was a daughter of Mrs. Mattie R. Coggin, who died in 1915, bequeathing to each fifty shares of stock in the bank. Each accepted the gift and a certificate for such shares was issued to each on the 17th day of April, 1915. Each continued to own the stock as her separate property up to the date of the closing of the institution. Each is married and the husband of each is made a pro forma party.

By appropriate pleadings, in the event of a judgment for the plaintiff, all parties ask the court to direct the levying of the resultant execution. See Keyser v. Hitz, 133 U. S. 138, 10 S. Ct. 290, 33 L. Ed. 531, and Christopher v. Norvell, 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740.

A jury has been waived. Bundy v. Cocke, 128 U. S. 185, 9 S. Ct. 242, 32 L. Ed. 396.

Coverture is no bar to the liability of a Texas married woman for assessments made against her stock in an insolvent national bank. Keyser v. Hitz, 133 U. S. 138, 10 S. Ct. 290, 33 L. Ed. 531; Christopher v. Norvell, 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740. See, also, Chapman v. Boone (Tex. Civ. App.) 278 S. W. 869; Chapman v. Pettus (Tex. Civ. App.) 269 S. W. 268.

The law authorizing and fixing liability of a married woman, the effort to reap the result of such liability must be governed by the laws of the state. Title 28, USCA § 727.

Article 4621 of the Revised Civil Statutes of 1925, of Texas, provides: "The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children, unless the husband joins in the execution of the contract. * * *" Article 4623 of the same statutes is that: "Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. * * *"

The acceptance of inherited shares in a national bank constitutes a contract. Austin v. Strong, 117 Tex. 263, 1 S.W.(2d) 872, 3 S.W.(2d) 425, 79 A. L. R. 1528; Christopher v. Norvell, 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740; Caldwell v. Morfa (D. C.) 24 F.(2d) 106.

Stockholding may not be forced upon one. If stock is bequeathed and upon the happening of the contingency the devisee takes, then the contract results; if the devisee refuses, there should be and is no legal liability.

Each of the defendants here took the stock after and during coverture. This taking, therefore, was a contract by a Texas married woman. For this sort of stock it is a binding contract. The community property of the husband and wife, in Texas, is not liable for such a contract.

The two Texas cases of Cullum v. Lowe

(Tex. Civ. App.) 9 S.W.(2d) 70, and Shaw v. Finney (Tex. Civ. App.) 7 S.W.(2d) 152, seem to be conflicting.

Shaw v. Finney arose out of an effort to subject the community property of husband and wife to the payment of an assessment made upon the wife's shares in an insolvent state bank. The Texas state bank statute is almost identical with the national statute authorizing assessments. Cullum v. Lowe originated in a note given by both husband and wife from which the husband had been relieved by bankruptcy. This difference in the sort of debt may afford ground for the difference of opinion.

The doctrine maintained in Shaw v. Finney seems to be in harmony with Austin v. Strong, supra. Likewise, it appears to be the better reasoned.

If the law permitted a married woman to take stock in these institutions and then made the community estate liable when disaster came to such stock, the result would be that the husband could not prevent such taking of either stock or the community, because the latter would be responsible for such defaults and debts as might result. By permitting acquisition of national bank shares by a married woman, and holding her liable for assessments out of her separate properties and her personal earnings, and income, rents, and revenues of her separate property, and denying the responsibility of community property, a complete harmony is maintained. The state statutes are given full credit and sway, and there is no disturbance of the supervisions over community that is vested in the husband.

Judgment will go against the defendant in each cause for $5,000 with interest at 6 per cent. from July 9, 1932, and the execution will be limited to such property as is liable for the wife's debts under the statutes quoted above.