## BEST v. TURNER et al.
### No. 6859.

Circuit Court of Appeals, Fifth Circuit.
Dec. 9, 1933.

E. M. Critz, of Coleman, Tex., for appellant.

R. R. Holloway, of Brownwood, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

In an action by appellant as receiver of the Coggin National Bank of Brownwood, Tex., against May Turner and her husband, J. B. Turner, judgment for $5,000 was recovered against Mrs. Turner upon her double liability as a stockholder of the bank. 12 USCA § 63. The judgment provided that execution should be levied only upon her separate property, the income therefrom, and her personal earnings. (D. C.) 1 F. Supp. 461. The receiver appeals because the lien of the judgment was not made to extend also to the community property of the husband and wife.

Fifty shares of the bank's stock were bequeathed by the will of Mattie R. Coggin to Mrs. Turner, who during coverture, and long before the bank closed, accepted the bequest. It is appellant's contention that the liability of a stockholder of a national bank is statutory and not contractual. Upon this premise the argument is advanced that it is immaterial that the laws of Texas limit the power of a married woman to bind the community estate by her contracts. Appellees, on the other hand, insist that the liability here sought to be imposed is contractual and not statutory; but that, if statutory, the liability merely follows the stock and is that of the owner only.

 Whether the liability be called statutory or contractual is not in our opinion decisive of the case. In McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 298, 46 L. Ed. 437, it is said: "For the purposes of this case it [the liability] may have been both. The statute was the origin of both of the right and the remedy, but the contract was the origin of the personal responsibility of the defendant." In our opinion the rights of the parties are dependent upon the Constitution and laws of Texas; for of course upon a rule of property we accept the law of the state as construed by its highest court. Warburton v. White, 176 U. S. 484, 20 S. Ct. 404, 44 L. Ed. 555; Chicago, etc., R. R. Co. v. Risty, 276 U. S. 567, 48 S. Ct. 396, 72 L. Ed. 703.

 The Constitution of Texas provides: "All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be her separate property; and laws shall be passed more clearly defining the rights of the wife, in relation as well to her separate property as that held in common with her husband." Article 16, § 15. The bank stock which the appellee Mrs. Turner acquired under the will of Mrs. Coggin was therefore her separate property. Community property is that acquired by either spouse during marriage, except that which is the separate property of either. Revised Civil Statutes, art. 4619. It is liable for their debts contracted during marriage, article 4620; but is not liable "for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children, unless the husband joins in the execution of the contract," etc. Article 4621. Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income from her separate property, is subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. Article 4623. By construction it is established that the husband has generally the exclusive control and management of the community property. Stone v. Jackson, 109 Tex. 385, 210 S. W. 953. Cases like Christopher v. Norvell, 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. 732, 5 Ann. Cas. 740; Robinson v. Turrentine (C. C.) 59 F. 554; Keyser v. Milton (C. C. A.) 228 F. 594, relied on by appellant, which merely hold that state statutes limiting the right of married women to contract do not, because of coverture, have the effect of preventing personal judgments against them upon assessments on bank stock which they own, are beside the question, since it is conceded that in Texas a married woman by her contract may bind her separate property just as it was held by the District Court was done in this case. But the statutes of Texas above cited clearly withhold from married women the power to bind the community property or any part of it, except in cases where permission is expressly granted.

Article 4621 provides that community property shall not be liable not only for contracts of the wife but even for "debts or damages" resulting therefrom, unless the husband join in the execution of the contract. That article is broad enough to save community property from liability where the debt or damage incurred by the wife had their origin in contract. A reasonable construction of it is that for her personal debts and contractual liabilities of whatever kind her

creditors would have the right to resort only to her separate property, and would be precluded from asserting any claim against the community; and this is specially true since the management and control of community property are committed to the husband. The Supreme Court of Texas in Austin v. Strong, 117 Tex. 263, 1 S.W.(2d) 872, 3 S.W.(2d) 425, 79 A. L. R. 1528, held that the liability of a stockholder of a bank is contractual, but also held, in construing the statutes above cited, that the separate property of the wife was not liable for an assessment on bank stock owned by her husband. In Shaw v. Finney, 7 S.W.(2d) 152, the Court of Civil Appeals of Texas affirmed a judgment of the trial court holding the wife's separate estate liable upon her subscription to bank stock, but refusing to allow execution against the community property. As we construe it, the case of Cullum v. Lowe (Tex. Civ. App.) 9 S.W.(2d) 70, relied on by appellant, is not in point, as the community estate was there liable upon a joint note of the husband and wife, and the only question was whether upon the discharge of the husband in bankruptcy the creditors could proceed against the wife's half of the community property. It is true that these state decisions are based upon a state statute imposing double liability upon stockholders of state banks; but that statute, to all intents and purposes so far as it is here material, is the same as the federal statute concerning the liability of stockholders of insolvent national banks. Article 535.

In our opinion, the decision of the Supreme Court of Texas in Austin v. Strong, supra, is controlling authority in support of the judgment of the trial court.

The judgment is affirmed.