656

## MEEK v. STEIN et al.
### No. 2363.

District Court, S. D. Texas, Houston Division.
Jan. 3, 1934.

Huggins, Kayser & Liddell, and Frank A. Liddell, all of Houston, Tex., for plaintiff.

Sam W. Levy, of Houston, Tex., for defendants.

KENNERLY, District Judge.

This is an action at law by plaintiff against defendants to recover a 100 per cent. assessment made by the Comptroller of the Currency against defendant Mrs. J. M. Stein, the owner of 70 shares of the Public National Bank & Trust Company of Houston, Tex., of the par value of $10 per share.

The following stipulation has been filed by the parties:

"(a) A jury is waived and all matters herein shall be submitted to the court on this Stipulation and the deposition of the Defendant, Mrs. J. M. Stein, on file in this cause.

"(b) That the Plaintiff is not entitled to personal judgment against the co-defendant, J. M. Stein.

"(c) The defendant admits all of the material allegations of Plaintiff's Petition and further admits that the Plaintiff is entitled to a judgment against the Defendant, Mrs. J. M. Stein, in the sum of seven hundred thirty-two and 67/100 dollars ($732.67), together with interest thereon from the 18th day of December, 1933, at the rate of six per cent per annum and all costs of court in this cause incurred.

"(d) The following facts are agreed to: Mrs. Stein acquired five shares of stock in the Guaranty National Bank of Houston, a national banking association, prior to her marriage to J. M. Stein. She was married to J. M. Stein on December 4, 1923. On January 20, 1928, the Guaranty National Bank issued a fifty per cent. stock dividend and as a result thereof Mrs. Stein was issued two additional shares, she being married at this time. On October 11, 1929, the Guaranty National Bank was consolidated with The Public National Bank and the name of the Public National Bank was changed to 'The Public National Bank and Trust Company of Houston.' Immediately prior to the consolidation, the capital stock of The Public National Bank was five hundred thousand dollars ($500,000.00) and the capital stock of the Guaranty National Bank was three hundred thousand dollars ($300,000.00), so that the capital stock of The Public National Bank and Trust Company became and was eight hundred thousand dollars ($800,000.00). The par value of the Guaranty National Bank shares was one hundred dollars ($100.00). The par value of the Public National Bank and Trust Company of Houston shares was and is ten dollars ($10.00). Mrs. Stein claims the two shares issued to her, as a result of the stock dividend, as her sole and separate estate. At the time

of the consolidation, Mrs. Stein was issued seventy (70) shares of The Public National Bank and Trust Company of Houston of an aggregate par value of seven hundred dollars ($700.00) for the seven shares of stock of the Guaranty National Bank of an aggregate par value of seven hundred dollars ($700.00), this stock being issued to Mrs. J. M. Stein. It is admitted that J. M. Stein would testify that he claims no interest in The Public National Bank and Trust Company of Houston stock and has always considered the same to be the separate property of his wife, his affidavit being attached hereto.[1]

"(e) The only matter at issue between the plaintiff and the defendant is one of law, viz —as to whether or not the judgment herein shall be made and satisfied only out of the defendant's separate estate or whether the community property of the defendant and her husband, J. M. Stein, to any extent shall likewise be subject to the satisfaction of the judgment."

 1. Mrs. Stein, as owner of five shares of stock in the Guaranty National Bank, was, at and before her marriage to Stein, liable to the extent of her five shares "for the contracts, debts and engagements" of such bank. Christopher v. Norvell, 201 U. S. 229, 26 S. Ct. 502, 50 L. Ed. 734, 5 Ann. Cas. 740. Such liability was not contractual, but arose by reason of the federal statutes relating to national banks (see 12 USCA § 21 et seq.).

Keyser v. Hitz, 133 U. S. 151, 10 S. Ct. 290, 33 L. Ed. 531; Bank of Christopher v. Norvell, supra. Her liability continued after, and was unaffected by, her marriage. Had there been, after her marriage, a lawful assessment against the shareholders of the Guaranty Bank, a personal judgment on such assessment could properly have been rendered against Mrs. Stein (but not against Mr. Stein), with execution against either (or both) her separate estate and/or the community property of Mr. and Mrs. Stein. Austin v. Crim (Tex. Civ. App. Texarkana) 299 S. W. 323, and cases there cited. See same case (Tex. Com. App.) 6 S.W.(2d) 348, 349, where the question of execution running against the wife's separate property and the community property of the wife and husband, under such circumstances, is discussed by Judge Speer,[2] author of the Law of Marital Rights in Texas.

 2. But that is not the case presented by the stipulation. Mrs. Stein, after marriage, by virtue of a stock dividend declared by the Guaranty Bank, acquired two more shares (making seven in all) in the Guaranty Bank. These two new shares, if they did not become her separate property by operation of law (which is not decided), became so by gift

---

[1] The affidavit of J. M. Stein is as follows:

"I. That I am the same J. M. Stein who is defendant in Cause No. 2365 in the District Court of the United States in the Southern District of Texas, Houston Division. I am the husband of Mrs. Mae Rose Weil Stein. I married Mae Rose Weil on December 4th, 1923. At the time I married my present wife she was the owner of five (5) shares of stock in the Guaranty National Bank of Houston, Texas.

"II. After our marriage the Guaranty National Bank of Houston, Texas, declared a stock dividend and there was issued to my wife an additional two (2) shares of stock in said bank. I have always considered that the stock in said bank was the sole and separate property of my wife, and if I was entitled under the laws of the State of Texas to any interest in the stock originally owned by my wife, or the stock dividend, I waived any interest I had therein. I knew that the additional stock was issued in the name of my wife alone and it was my intention that by this act my wife would own all of the stock as her sole and separate property.

"III. At the time of the consolidation of the Guaranty National Bank of Houston, Texas, with the Public National Bank & Trust Company of Houston, Texas, my wife received seventy (70) shares of stock in the Public National Bank & Trust Company, in lieu of the seven (7) shares she owned in the Guaranty National Bank. Again the stock was issued in my wife's name alone and it was my intention that this stock should be a part and parcel of her separate property.

"IV. I have never claimed any interest of any nature in this stock but have always considered it to be the separate property of my wife."

[2] Judge Speer, in his opinion, says:

"There is nothing in the statutes to indicate an intention that the entire community (less of course exempt property) should not be liable for the antenuptial debts of the husband. Indeed, no one will deny that such is the case. It would be imputing to the Legislature the intention to work a difference grossly unjust to the wife and her creditors to hold, in the absence of a clear intention to that effect, that it was intended to prescribe a different rule with respect to the wife's antenuptial debts. Fairness and equality are always to be presumed when possible.

"The precise point has never been decided so far as we are advised, but the writer pointed out as early as 1916 that:

" 'The saving clause in the Act of March 21, 1913 (Acts 33d Leg., c. 33), with respect to the community property, applies only to contracts after marriage.' Speer's Law Marital Rights, § 138.

"Indeed, the highest considerations would permit of no other holding in the absence of unmistakable language in the act to the contrary. Under our system of marital property rights, and especially since the decision of Leonard v. Arnold [114 Tex. 535, 273 S. W. 799], supra, and others limiting the legislative power to enlarge the wife's separate estate, the principal, and oftentimes only, means of satisfying a prenuptial debt of husband or wife is the community property. It is the principal estate. Indeed, even the personal earnings of the husband and wife, the rents from the wife's separate lands, and the interest and income from her separate estate generally constitute a part of the community property, and in those cases where the wife had no personal earnings or income, rents, and revenues from separate property, though she might otherwise be rich in community property, to allow the interpretation contended for by plaintiffs in error would be to work a monstrous injustice and reach an end never contemplated by the Legislature."

of Mr. Stein. (See Stipulation and Stein's Affidavit.) All seven of the Guaranty Bank shares were exchanged by Mrs. Stein for seventy shares of the Public National Bank & Trust Company, a national banking corporation formed by the consolidation of two other national banking corporations; i. e., the Guaranty National Bank and the Public National Bank. She parted with the title of her separate estate to the seven shares in the Guaranty Bank, and her separate estate took title to the seventy shares in the Bank & Trust Company. She thereby became liable, to the extent of such seventy shares, for the "contracts, debts and engagements" of the Bank & Trust Company (Christopher v. Norvell, supra), and plaintiff is entitled to a personal judgment against her (but not against Mr. Stein) as set forth in the stipulation. But the question of whether execution may issue on such judgment against the separate property only of Mrs. Stein, or whether it may issue both against her separate property and against the community property of Mr. and Mrs. Stein, is one of more difficulty.

■ The decision is to be made under the Texas Law. As was said by Judge Atwell in Best v. Turner (D. C.) 1 F. Supp. 461 (italics mine): "The law authorizing and fixing liability of a married woman, *the effort to reap the result of such liability must be governed by the laws of the state.* Title 28 USCA § 727." See, also, Custer v. McCutcheon, 283 U. S. 514, 51 S. Ct. 530, 75 L. Ed. 1239; Spindle v. Shreve, 111 U. S. 544, 4 S. Ct. 522, 28 L. Ed. 513; Fink v. O'Neil, 106 U. S. 273, 1 S. Ct. 325, 27 L. Ed. 199; Thompson v. McConnell (C. C. A.) 107 F. 33, 37; section 727, title 28 USCA; District Court rule 22; Best v. Turner (C. C. A. 5) 67 F.(2d) 786.

■ Plaintiff contends, however, that, since the original five shares in the Guaranty Bank were owned by Mrs. Stein before her marriage, and the two additional shares were a stock dividend on such five shares (making seven shares in all), and the seven shares, upon the consolidation of the two banks, were exchanged for seventy shares in Bank & Trust Company, the case presented is the same as if Mrs. Stein had owned the seventy shares before her marriage (Austin v. Crim, supra), and that execution should issue both against her separate property and the community property.

I do not think this contention is correct. The Bank & Trust Company was in legal effect a new corporation, with a larger capital stock than the Guaranty Bank, and having succeeded to the business of two banks, presumably with a larger business. Mrs.

Stein's liability as a shareholder in the Bank & Trust Company was materially different, and probably greater than in the Guaranty Bank. This is recognized by the statute (section 33, title 12 USCA) under which such consolidation took place, in that she was, by such statute, permitted, if she desired, to object to the consolidation and be paid the value of her shares, etc. If, as plaintiff contends, there was no change in her status and liability, there would be no reason for such provision in the statute.

While, as pointed out, both the separate property of the wife and the community property of the wife and husband are liable, under Texas law, for the antenuptial contracts of the wife, a different rule applies to her postnuptial contracts. This is because of the restrictions of articles 4621 and 4623, Texas Revised Civil Statutes 1925, which provide (italics mine):

"Art. 4621. *Community Property Not Liable.* The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children, unless the husband joins in the execution of the contract; provided, that her rights with reference to the community property on permanent abandonment by the husband shall not be affected by this provision.

"Art. 4623. Neither the separate property of the husband nor the community property *other than the personal earnings of the wife, and the income, rents and revenues from her separate property,* shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. The wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

While the liability of Mrs. Stein as the owner of the seventy shares of Bank & Trust Company is by reason of the federal banking statutes, her failure to object to (as she was entitled to do), and her acquiescence in, the consolidation of the two national banks (section 33, title 12 USCA), and her surrender of the seven shares in the Guaranty Bank for, and her acceptance of, the seventy shares in the Bank & Trust Company, was contractual. In Best v. Turner, supra, the wife had the right to refuse to receive the bank shares from the estate of her mother, and thereby avoid liability as a shareholder, and it was there held that her acceptance of the shares was contractual. See, also, Austin v. Strong,

117 Tex. 263, 1 S.W.(2d) 872, 3 S.W.(2d) 425, 79 A. L. R. 1528. Here Mrs. Stein had the right to object to the consolidation of the two banks, and to refuse to accept the seventy shares in the Bank & Trust Company. Her acceptance, etc., was a contract within the meaning of the above-quoted articles of the Texas statute, and under the rule laid down in Shaw v. Finney (Tex. Civ. App.) 7 S.W. (2d) 152, and Best v. Turner, supra. Plaintiff may have execution against Mrs. Stein's separate property, but not against the community property of Mr. and Mrs. Stein, except as provided in such article 4623.

Let judgment be drawn and presented in accordance with this view.