CITIZENS NAT. BANK AT BROWNWOOD, TEX., v. TURNER et al.

No. 214.

District Court, N. D. Texas, San Angelo Division.

May 2, 1936.

E. M. Critz, of Coleman, Tex., for complainant.

Woodruff & Holloway, of Brownwood, Tex., for respondents.

ATWELL, District Judge.

In October, 1932, this court rendered judgment in favor of the receiver of the Coggin National Bank of Brownwood, Tex., against Mrs. May Turner, for $5,000. The judgment was based on an assessment against her as the owner of 50 shares of the failed bank's stock. Best v. Turner et al. (D.C.) 1 F.Supp. 461, affirmed (C.C.A.) 67 F.(2d) 786, 90 A.L.R. 1293.

She had inherited the stock and permitted it to remain in her name. Schechter v. Sherwin (C.C.A.) 81 F.(2d) 603; Drake v. McKinney (D.C.) 9 F.Supp. 671; Seabury v. Green, 294 U.S. 165, 55 S.Ct. 373, 79 L.Ed. 834, 96 A.L.R. 1463; Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L. Ed. 829, 96 A.L.R. 1457.

The judgment provided that execution on the same should be levied only on the separate property of Mrs. Turner, and upon her personal earnings and income, rents, and revenues from her separate property, and not upon the separate property of her husband, J. B. Turner, nor upon the community property of the two.

The judgment was never paid, and in November, 1934, J. B. Turner, learning that he was suffering with an incurable disease, transferred, in which Mrs. Turner joined, all of the community property, both real and personal, to J. B. Turner, Jr., accompanying such deeds with a trust instrument specifically outlining what the son should do with the property as to four other brothers and one sister, after the makers had died.

On September 25, 1935, Mr. Turner, the father, died.

The receiver of the Coggin National Bank having assigned the judgment to the complainant, the successor of the Coggin, this suit was brought against Mrs. Turner, and all of her children, to cancel the deeds and foreclose liens which were claimed by reason of the abstracting of the judgment in the counties where the Turner properties were located.

The complainant claims that the transfers were made to hinder and delay Mrs. Turner's creditors, and in particular the complainant bank. It also claims that the instrument had not been registered in accordance with the registration laws of Texas, and that the trust instrument which accompanied the deed was inoperative because not recorded.

A careful study of the registration laws of Texas with reference to these particular instruments discloses that such registration was made as is required by them.

The suit is properly in the United States court because it is another step in the winding up of the affairs of the insolvent Coggin National Bank. Koenig v. Oswald et al. (C.C.A.) 82 F.(2d) 85.

The transfer made by Mr. and Mrs. Turner of the community property did not render it any the less community, and since it was not subject before the transfer, it was still immune after. Bacon v. Hopkins (D.C.) 27 F.(2d) 140; Best v. Turner (C.C.A.) 67 F.(2d) 786, 90 A.L.R. 1293; Speer on the law of Marital Rights in Texas, § 648, page 818; King v. Morris (Tex. Com.App.) 1 S.W.(2d) 605; Jones v. State (Tex.Com.App.) 5 S.W.(2d) 973, 975.

Furthermore, a conveyance cannot be fraudulent as to a creditor, where the property is not subject to that particular debt at the time the conveyance is made. Daugherty v. Bogy (C.C.A.) 104 F. 938; Blum v. Light, 81 Tex. 414, 16 S.W. 1090; McClelland v. Barnard, 36 Tex.Civ.App. 118, 81 S.W. 591; Luhrs v. Hancock, 181 U.S. 567, 21 S.Ct. 726, 45 L.Ed. 1005; Deering v. Holcomb, 26 Wash. 588, 67 P. 240, 561; Monday v. Vance, 11 Tex.Civ. App. 374, 32 S.W. 559; De Garca v. Galvan, 55 Tex. 53.

It must be borne in mind, in Texas, that the husband has the absolute right of control and disposition of community property. This property had already been cleared of any liability as to this judgment.

The joinder of Mrs. Turner in the deed by him was merely necessary, in order to save the transfer from any criticism by her. Stone v. Jackson, 109 Tex. 385, 210 S.W. 953.

That the trust agreement was not recorded was immaterial. Johnson v. Darr, 114 Tex. 516, 272 S.W. 1098; Estelle v. Hart (Tex.Com.App.) 55 S.W.(2d) 510; Del Rio Bank & Trust Co. v. Cornell (C.

C.A.) 57 F.(2d) 142; Shear Company v. Currie (C.C.A.) 295 F. 841.

These cases support the statement that the registration statutes do not apply to equitable titles.

As distasteful as it may be to protect a debtor from a determined effort to avoid payment of a just obligation, the bill in this case must be dismissed. It is so ordered.