Keabadour v. Weir.

---

## Maro Keabadour v. Sarah Weir.

Where the petition recites that the defendant is a resident of a county other than that in which the suit is brought, a plea in abatement, claiming defendant's privilege to be sued in his own county, need not be supported by affidavit.

Where the petition in a suit commenced in Gonzales county, was entitled as of the State of Texas, county of Gonzales, and commenced as follows: "The petition of Sarah Weir, a resident of Colorado county, State of Texas, to Hon. Fielding Jones, Judge of the 10th Judicial District of Texas, holding Court in and for said county, respectfully shows that on the third day of December, 1855, Maro Keabadour, also a resident of said county and State, made and executed," &c., it was held that the obvious construction of the recital was that the defendant was a resident of the county of Colorado.

Appeal from Gonzales.   Tried below before the Hon. Fielding Jones.

Suit by appellee against appellant on a promissory note.   The petition recited the residence of the parties as shown in the second paragraph of the synopsis of the report.   There was no citation in the Transcript.   Defendant filed an answer containing a plea in abatement, claiming his privilege to be sued in Colorado county where he alleged he resided; also a plea in reconvention.   Plaintiff filed exceptions to plea in reconvention. The entry of judgment stated that the exceptions to the plea in reconvention were sustained; that the plea in abatement was overruled; and a jury being waived, &c., judgment for plaintiff, Colorado county, was in the first District.

*Stewart & Mills*, for plaintiff in error.   The Court should have sustained the appellant's plea to the jurisdiction; for the Court will perceive that, by a reasonable construction of plaintiff's petition, the residence of defendant was alleged to be Colorado county.

*Parker & Nichols*, for defendant in error.   The plea in abatement was not sworn to by the defendant, and the allegation in the petition, that the Court was held in Gonzales county, State of Texas, and immediately afterwards alleging the residence of the defendant in said county and State, the petition being directed to Hon. Fielding Jones, Judge of 10th Judicial District, and holding Court in and for said county, was a sufficient allegation of the residence of the defendant.   The words "in said county and State," referring to the place of holding Court, to wit, in Gonzales county.   This is the only construction which can be reasonably placed on the language used, and is the only construction compatible with the rules of grammar, which would require the words to refer to the nearest antecedent.   Of course then they could not be forced ·to refer back to the previous sentence, containing the allegation of plaintiff's residence, and there was no error in the Court in overruling the plea in abatement.

HEMPHILL, CH. J.   From the obvious and rational construction of the language of the petition, it would appear that the defendant Keabadour was a resident of the county of Colorado, and his plea in abatement (suit having been brought in the county of Gonzales) should have been sustained.   Any other meaning

would be forced and unnatural; and as no important right would be defeated by adhering to the grammatical and reasonable construction, we are of opinion that for the error alone of overruling the plea to the jurisdiction the judgment must be reversed. The other rulings on the exceptions to the answer of the defendant are believed to have been in the main correct. But for the error specified above, the judgment is reversed and cause remanded.

                                    Reversed and remanded.