## W. C. BAINES v. W. R. BAKER.

(Case No. 1339.)

1. STATUTE OF FRAUDS.— A conveyance of the homestead, made by the husband to his wife, which was not to pass title, but to enable the husband to thus protect it through the ostensible owner from the claims of creditors, after its abandonment as a homestead, is within the statute of frauds and invalid as to creditors after abandonment.

APPEAL from Collin. Tried below before the Hon. Richard Maltbie, special judge.

Baker brought this suit against Baines and wife to recover land described in the petition. Baker claimed the land by virtue of a judgment against W. C. Baines, in favor of Jno. D. Scott & Co., for $416.50, rendered April 5, 1871, and alias execution, levy, sale and sheriff's deed, dated March 10, 1873. Mrs. Catharine Baines, one of the appellants, claimed the land by virtue of a deed of conveyance from W. C. Baines to her, dated November 11, 1872; it was also claimed that, at and for a long time prior to that conveyance, the land was the homestead of Baines and his wife, and that she purchased it, and paid him an adequate and valuable consideration therefor. Appellee claimed that this pretended sale and conveyance was colorable, made to hinder, delay and defraud credit-

ors, and that, about the 15th day of November, 1872, Baines and
wife abandoned the property as a homestead, and acquired another
prior to the levy and sale.

A trial was had June 16, 1877, and resulted in a verdict and judg-
ment for appellee.

The errors relied on for a reversal of the judgment were in the
charge of the court, the second paragraph of which was as follows:

"If you believe, from the evidence, that W. C. Baines and wife
resided on said land as their homestead prior to the 11th day of
November, A. D. 1872, and the said W. C. Baines sold and conveyed
said land to his wife in good faith, and received therefor a valuable
consideration out of her separate property, then said land would not
be liable to levy and sale, and you will find for the defendants."

The third and sixth paragraphs were as follows:

"3d. On the contrary, if you believe from the evidence that said
W. C. Baines made a voluntary conveyance of said land to his wife
while it was a homestead, and that said conveyance was simulated
and colorable, and said Baines and wife afterwards, and before the
levy and sale of said premises by the sheriff of Denton county, as
heretofore stated, moved off of said land with the intention of per-
manently abandoning it, and acquiring another homestead, for the
purpose of hindering, delaying or defrauding the creditors of the
said W. C. Baines, then said conveyance was void as to such credit-
ors, and you will find for the plaintiff."

"6th. If the jury believe from the evidence that the said W. C.
Baines sold and transferred said land to his wife as heretofore stated,
and that he received a valuable consideration therefor out of the
separate property of his wife, yet if you believe that said trans-
action was colorable and made to defraud the creditors of W. C.
Baines, as heretofore stated, said conveyance would be void as to
the existing creditors of said Baines."

*W. O. Davis*, for appellants.

No briefs on file for appellee.

WATTS, J. COM. APP.— This, though in form an action of trespass
to try title, is in effect a proceeding to vacate and annul a convey-
ance from Baines to his wife of property claimed at the time to be
their homestead, on the ground that it was made to hinder, delay
and defraud his creditors. As indicated by the charge, the court
seems to have treated the case as one coming within the operation

of the statute of frauds. If, as claimed, the property was their homestead at the time of the conveyance, then the true issue would be as to whether the same was intended to, and did, pass the title as between the parties to it, or whether it was simulated and not intended to pass the title. In the first instance the conveyance would be valid as to existing creditors, for the reason that the property, being exempt from forced sale, the conveyance did not take from their reach any property that they could subject to their claims. But in the second instance the title in fact would still be in the grantor, and when disrobed of its homestead character by abandonment or otherwise, it would be subject to seizure and sale for his debts. Wood v. Chambers, 20 Tex., 254; Cox v. Shropshire, 25 Tex., 123–4; Martel v. Somers, 26 Tex., 554.

It seems, from the charge, that the court considered that the statute of frauds was applicable to the case, and instructed the jury upon that view of the law. In Cox v. Shropshire it is said: " A conveyance of property which is exempt by law from execution or forced sale cannot be a fraud upon creditors. Such a conveyance is not within the purview of the statute of frauds."

If, as claimed, the property was at the time of the conveyance their homestead, and that the conveyance was simulated, and that it was not intended by the parties that title should pass, but merely to enable Mrs. Baines to hold it as ostensible owner, after it had lost its homestead character by abandonment, and in that way secure it to Baines as against his creditors, then the conveyance would be invalid as against creditors, and upon a proper showing would be annulled at their instance.

In not observing the distinction between conveyances of property exempt from forced sale, and conveyances of property subject to seizure and sale, the court erred in the instructions to the jury, and for this error it is believed that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted October 9, 1883.]