Y. P. TAYLOR ET AL. V. CHARLIE FERGUSON.

No. 118.

**1. Evidence Relevant.**

Action in trespass to try title. The plaintiff exhibited title to the lot in controversy from one who had owned and used it as a business homestead as liquor dealer. The defendant offered in evidence attachment issued against vendor of plaintiff three days subsequent to the deed, levy upon the lots, judgment and decree foreclosing, order of sale, sale, and the purchase by defendant and deed by sheriff to him. It was error to exclude this testimony on ground that it was irrelevant, as attacking the sale of the business homestead...................... 2

**2. Sale of Homestead.**

If the sale of the business homestead on November 17 was intended to pass the title to it, the lot could not have been such homestead on the 20th of November, when the attachment was levied.................. 3

**3. Fraud—Evidence.**

Issue that a sale of business homestead was fraudulent, attacking the sale. Evidence was erroneously excluded as irrelevant in behalf of a purchaser under subsequent attachment proceedings, "that the conveyance was made for the purpose of defrauding his (vendor's) creditors, and that this was known to the vendee, and that no consideration was paid, although the deed recited a part payment in cash.".................·.. 4

**4. Colorable Sale of Business Homestead.**

If the deed for the business homestead was not made with intent, as between the parties to it, that thereby title and right to the property should vest in the vendee, in accordance with its terms, but was made for the purpose of giving apparent right only for the purpose of protecting it against the claims of the vendor's creditors after he should cease to use it for the purpose that gave it exemption, then it was subject to seizure to pay his debts when the exemption ceased. If such deed was a security for debt, a mortgage, the lot was subject to execution; and whatever the effect intended as between parties, if it was made for the purpose of hindering or delaying the creditors of the grantor, effect will be denied and the facts may be shown........... 4, 5

**5. Error in Excluding Evidence.**

If evidence was offered relevant to a material issue, and is improperly excluded by the trial court, it becomes the duty of the appellate court to reverse the judgment if the rejected evidence might have changed the result ...................................................... 6

**6. Pleading—Fraud.**

> In trespass to try title the defendant pleaded not guilty. Under this it was competent for defendant to prove fraud in the title of the plaintiff without specially pleading it; for under the plea of not guilty defendant is entitled by evidence to present any issue of fact that would defeat plaintiff's right to recover.................................... 6

ERROR from Court of Civil Appeals for Second District, in an appeal from Bosque County.

*S. H. Lumpkin,* for plaintiffs in error.—While the conveyance of homestead property made by a failing creditor in good faith could not be a fraud upon creditors, yet if such conveyance was simulated and colorable merely, and made upon a secret trust for the benefit of the vendor, who, after abandoning said property, should have at some future day the right to redeem the same and have it reconveyed to him by giving the vendee the rents thereon, then such conveyance, as to the creditors of the vendor, becomes fraudulent, and when so abandoned is liable to be attached. Cox v. Shropshire, 25 Texas, 118; Holden v. McLaury, 60 Texas, 229.

*Alexander & Campbell,* for defendant in error.—The main question to be considered in view of the opinion of the court is, whether the bill of exceptions offering to prove fraud and want of consideration has any standing. It will be noted that the defendants did not offer to prove any fact whatever, but proposed to prove that the conveyance was fraudulent and made without consideration. This is not an offer which the court can entertain. Moss v. Cameron, 66 Texas, 412; Burleson v. Hancock, 28 Texas, 84; Dunham v. Forbes, 25 Texas, 23; Bailey v. Trammell, 27 Texas, 326; Milliken v. Smoot, 64 Texas, 171; Matthews v. The State, 44 Texas, 379; O'Brien v. Hilburn, 22 Texas, 624; Arnold v. Hockney, 51 Texas, 47.

STAYTON, CHIEF JUSTICE.—On and prior to November 17, 1888, S. E. Archer possessed the property in controversy, and thereon conducted a retail liquor business; but on that day, joined by his wife, he conveyed the lot in controversy and another to Ferguson.

Plaintiffs in error offered to prove by evidence admissible for that purpose, that on November 20, 1888, they brought an action against Archer to recover a sum of money due to them, in which they sued out attachment and caused it to be levied on property in controversy on next day; that judgment was rendered in their favor, foreclosing attachment lien, and that under the judgment the property was sold and bought by them, to whom the officer making the sale executed a deed on April 2, 1889.

This evidence the court excluded, on the ground that it was irrelevant,

because the property was the business homestead of Archer at time attachment was levied upon it.

The testimony was certainly relevant, and if the deed on which plaintiff was relying for recovery was intended to pass title, the property could not have been the homestead of Archer at time attachment was levied.

There was no evidence showing facts that would continue exemption to Archer after he made deed to Ferguson.

It was contended by defendants, that the conveyance from Archer to Ferguson was fraudulent, notwithstanding the property was the place of business of the former until he made deed to Ferguson.

That deed recited a consideration of $400 cash and the assumption of a debt of $500, which Archer owed to Gee, that seems to have been secured by trust deed on the property in controversy.

There was no evidence that Ferguson paid the money as recited in the deed, other than that recital.

Ferguson testified that the rental value of the property was $50 or $60 per month, and "that he never paid the $500 note to Gee, and I agreed at time of execution of deed to resell to Archer at end of twelve months, he to pay me what I had paid out for the property."

Another witness testified, that "Ferguson agreed that he would sell the property back to Archer at the end of twelve months from date of deed. Plaintiff was to reconvey to Archer the land, lots 1 and 2 in block number 5, on payment of the amount of money Ferguson had paid out on the lots." The same witness stated that at time of trial he owned the note for $500 assumed by Ferguson, and that he bought it for him.

S. E. Archer testified, "that he and his wife once sold the house and lots numbers 1 and 2 in block 5, in Morgan, to plaintiff (Ferguson); that the trade with the plaintiff was, that he was to pay off the Gee debt of $500 and keep the property twelve months, and reconvey the land back to me after the expiration of twelve months."

This was all the evidence admitted by the court showing what the agreement between Archer and Ferguson was at the time the deed was made to the latter.

For the purpose of showing common source of title, plaintiff introduced in evidence the deed under which defendants claimed, which, as before seen, was excluded when offered by them as evidence of right.

Witnesses placed on the stand by plaintiff concurred in the statement that the rental value of the property was from $50 to $60 per month, and the former was found by the court to be its true value.

The District Court held, on the facts above given, that "the sale to said Ferguson was a conditional sale, the conditions being that Archer should have the privilege of repurchasing the whole property conveyed at the end of twelve months from said sale at the price paid him for it. This was a bona fide and not a pretended condition."

On the trial, plaintiffs in error proposed to prove by many witnesses that the conveyance from Archer to Ferguson was made for the purpose of defrauding the creditors of the former, and that this was known to the latter, and they also proposed to prove that no consideration was paid; but the evidence was objected to on the ground that the property was the place of business of Archer—his business homestead—and that for this reason the evidence was irrelevant; and this objection was sustained.

The record evidences the fact that the District Court proceeded upon the theory, that as the property was exempt from forced sale so long as it was the place where Archer conducted business, proof that the conveyance was made without consideration and with intent to defraud creditors could have no relevancy to any legitimate issue in the case.

The Court of Civil Appeals seems to have had the same view, and to have held that insolvency of Archer, want of consideration, and intent to defraud creditors were facts wholly irrelevant to any inquiry in the case; and it seems to have been of opinion further, that plaintiffs in error did not propose to show that the conveyance from Archer to Ferguson was merely colorable.

It was said in Wood v. Chambers, 20 Texas, 254, that "the conveyance of the homestead for a valuable consideration can not be deemed a conveyance to defraud creditors, from whose claims there is a permanent, enduring exemption, placed beyond the power even of the legislative authority."

The same rule was recognized in Martel v. Somers, 26 Texas, 560; and in several cases it has been held that a voluntary conveyance of homestead could not be held fraudulent as to creditors. Cox v. Shropshire, 25 Texas, 124; Willis v. Mike, 76 Texas, 84.

Whether this rule can be of unlimited application, it is not now necessary to decide.

If the deed from Archer to Ferguson was not made with intent, as between themselves, that thereby title and right to the property should vest in the latter in accordance with its terms, but was made for the purpose of giving apparent right only, for the purpose of protecting it against the claims of Archer's creditors after he should cease to use it for the purpose that gave the exemption, then it was subject to seizure and sale to pay his debts when the exemption ceased. Cox v. Shropshire, 25 Texas, 125; Baines v. Baker, 60 Texas, 141; Beard v. Blum, 64 Texas, 62.

If between Archer and Ferguson, the conveyance, absolute as it was upon its face, was intended only to secure the repayment of such sum as the latter might pay on the debt assumed by him, then the transaction was a mortgage; and if it was simply intended thus to give Ferguson the right to use the property for one year, in consideration that he would satisfy the debt he assumed, then it would be practically only a lease;

and in either case would be subject to seizure and sale to satisfy any debt owing by Archer at the time the conveyance was made.

If as between the parties the instrument was intended for either of these purposes, but was made to assume the form of an absolute conveyance for the purpose of hindering, delaying, or defrauding the creditors of Archer, it would be denied effect for any purpose as against them; and any evidence tending to show such intent ought to have been admitted, even if not sufficient within itself for that purpose.

The uncontroverted evidence shows that the property in controversy did not exceed $1000 in value, and plaintiff's evidence, as well as the finding of the court, fixed its rental value at $600 per year.

This, taken in connection with the testimony of Archer, would render it highly probable that the real agreement between the parties was that Ferguson should have the use of the property for one year, in consideration that he would discharge the debt of $500 which he assumed.

The testimony of Ferguson, as well as of Moss, shows that there was an agreement that at the end of twelve months the property should be reconveyed to Archer if he repaid to Ferguson the sum he paid on or for the property; but there was no evidence that any money whatever was paid; and on the trial, which occurred long after the expiration of twelve months, Ferguson testified that he had not paid the $500 which he assumed the payment of.

The testimony of these witnesses is not inconsistent with intent, between the parties, only to secure to Ferguson repayment of such sum as he might pay on the debt assumed by him, and to give to him the right to use the property for one year; and if this was the real agreement between them, the conveyance would be only a mortgage, under which the mortgagee would have been entitled to possession for one year.

In signing the bill of exceptions taken on the rejection of the evidence, by way of explanation of the court's ruling, it is stated that it had been shown that Ferguson had fully settled with Moss on account of the purchase by him for plaintiff of the note for $500 which the latter had assumed in the transaction with Archer, but plaintiff himself testified that "he never paid the $500 note to Gee."

Thus is manifested a desire to keep the note secured by trust deed on the property apparently outstanding, for some purpose difficult to understand if the real transaction between Archer and Ferguson was a bona fide sale and conveyance.

Where there is sufficient evidence to sustain a finding, this court has not power to reverse a judgment of a Court of Civil Appeals because a different conclusion might be here reached; but even where the evidence admitted may be sufficient to sustain a finding by that court or the trial court, on an issue of fraud or any other material issue, still if evidence was offered relevant to the controverted issue, and improperly excluded,

it becomes the duty of this court to reverse the judgment if the rejected evidence might have changed the result; for it is the duty of every court to receive and consider all proper evidence offered upon any controverted and material issue in a case.

It was not necessary in this action that defendants, by pleading, should raise the issue whether the transaction between Archer and Ferguson was what on the face of the deed it purported to be, or only colorable; for under their plea of not guilty they were entitled by the evidence to present any issue of fact that would defeat plaintiff's right to recover.

Looking to the value of the property, its rental value, the agreement to reconvey within a limited time, made outside of the deed, the assumption of a debt secured by lien on the property, and the fact that it had, in effect, been paid but was still left apparently outstanding, seems sufficient to raise the issue whether the transaction was real or only colorable.

So standing the case, proof that the cash consideration recited in the deed was not paid, as well as proof of specific intent to defraud the creditors of Archer, was not only relevant and admissible, but very important to illustrate the real transaction.

Had the evidence been admitted, the trial court, as well as the Court of Civil Appeals, might have come to the conclusion that the real transaction was not shown by the deed, and that it was put in the form of an absolute conveyance, while between the parties Archer was the real owner, for the purpose of hindering, delaying, or defrauding creditors.

If such was the purpose of the parties, defendants were entitled to a judgment under the evidence of right which they proposed to introduce; and we are of opinion that such an issue was made by the evidence admitted as required the admission of the evidence showing that the recited consideration was not paid, and that there was specific intent to hinder, delay, or defraud creditors of Archer.

The record in this case is full of inconsistencies, and bears evidence that the questions on which the rights of the parties rest have not received due consideration.

For the errors noticed, the judgments of the District Court and Court of Civil Appeals will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 12, 1894.