## KETTLESCHLAGER V. FERRICK *et al.*

A transfer of the homestead from husband to wife, without consideration, to prevent creditors from subjecting such premises to the satisfaction of their claims, in case the debtor should remove therefrom, and with other funds purchase and occupy other premises as a homestead is fraudulent as to creditors.

HANEY, J., dissenting.

(Opinion filed January 24, 1900.)

Appeal from circuit court, McCook county.    HON. JOSEPH W. JONES, Judge.

Action by Herbert Kettlesch'ager against Mike Ferrick and another, to set aside as fraudulent a deed to real property. From a judgment for defendants, plaintiff appeals.    Reversed.

*E. H. Wilson* and *H. H. Keith,* for appellant.

A homestead cannot be legally transferred by a husband to his wife without consideration and for the purpose of with-

holding such property from existing and subsequent creditors in case they should remove therefrom and with other funds purchase and occupy a different homestead.    Taylor v. Ferguson, 26 S. W. 46; Rives v. Stephens, 28 S. W. 707; Delashmut Trou, 44 Ia. 613; Chandler v. Van Roeder, 24 How. 224.

*P. W. Scanlan,* for respondent.

Cited contra:    Allen v. Wis. I. N. Ry., 57 N. W. 1121; Gillespie v. Cooper, 55 N. W. 302; Cockrell v. Cockrell, 15 S. W. 1119; Green v. Farrer. N. W. 557; Wheeler v. Bjeliand, 66 N. W. 885; Officer v. Evans, 48 Iowa 55; Roane v. Hamilton, N. W. 181; Roberts v. Robinson, 68 N. W. 1035; Bank v. David, 75 N. W. 204; Smith v. Ramsey, 35 Mich. 183; Rhead v. Hannson, 9 N. W. 267; Puth v. Geller, 11 N. W. 385; Bank v. Elliott, 18 N. W. 805; Riggs v. Sterling, 27 N. W. 705; Anderson v. Odell, 16 N. W. 870; Kvello v. Taylor, 63 N. W. 889; Comp. Laws, §§ 4852, 4656, 2593; Furrow v. Athey, 33 N. W. 208; Harsh v. Griffin, 34 N. W. 441; Lynch v. Doran, 54 N. W. 882; In Beard v. Blum, 64 Texas 59.

FULLER, P. J.    This action by a judgment creditor to set aside, as fraudulent, a deed absolute in form, executed on the 27th day of July, 1887, by the defendant Mike Ferrick to his wife, the defendant Bridget Ferrick, resulted in a judgment dismissing the complaint, with costs, and plaintiff appeals. The facts essential to a determination of the law governing the case are undisputed, and these:    When this deed was executed, and continuously thereafter, until the year 1894, respondents occupied the premises described therein as their homestead. No consideration was ever paid for the deed, and the conveyance was made pursuant to a secret agreement between re-

spondents that the legal title should be vested in his wife for the sole purpose of perpetually delaying and preventing the creditors of said Mike from subjecting said premises to the satisfaction of their claims. On the day this deed was executed, a suit was pending and being tried against him, and his avowed purpose at the time was to place the title in the name of his wife, "so that, in the event judgment went against him in that suit, or any other judgment should be recovered against him, it would not appear against the title of this land, and, in case he should move away, that they could not sell the land under such judgment." Upon the theory that the conveyance, notwithstanding the intention of the parties, resulted in no injury to creditors, because the quarter section of land described therein was at the time impressed with the character of a homestead, the court gave respondents judgment, although it was shown that the same was abandoned as a homestead, and another homestead acquired, which was being thus occupied by respondents when this suit was commenced. The exact point to be determined is whether the homestead may be transferred by the husband to the wife, confessedly without consideration, and for the purpose of withholding such property from existing and subsequent creditors, in case they should remove therefrom, and with other funds purchase and occupy a different homestead. It appears from the record that Mike Ferrick has no property subject to execution, and that appellant, on the 29th day of November, 1897, obtained his judgment against both respondents. in an action for damages sustained by reason of their negligence in setting out a prairie fire, by which a large quantity of his hay was destroyed. Contrary to the view the trial court, conditions may possibly arise which render a

deed to the homestead fraudulent and void as to creditors, although their rights be postponed until the debtor and his family have no further occasion to occupy such premises, and have, in accordance with the intent that prompted the transfer, removed therefrom to a homestead subsequently acquired, and into the purchase of which nothing of value from the original homestead has entered. It would be a plain perversion of the homestead law to hold that the husband may convey the legal title of the homestead to his wife, without consideration, for the purpose of enabling him to withhold the same from creditors, should the family thereafter remove to a new home, purchased with other funds, and itinerancy would be the pernicious result of such a doctrine, instead of the establishment of a permanent home. It has been noticed that the fraudulent intent to have the wife hold the land for the benefit of her husband, after they had abandoned its occupation as a homestead, was fully carried out. If the premises were thereby placed beyond the reach of creditors, nothing can prevent the perpetration of future frauds of similar character, whenever they may so desire, resulting in the acquisition of numerous farms, while the real owner thereof remains execution proof. The following cases, in perfect harmony with reason, equity, and public policy, hold that a homestead conveyed by a husband to his wife, not really to pass title, but to defraud creditors, will not be protected from them as her property, after their homestead immunity has ceased. Rives v. Stevens, (Tex. Civ. App.) 28 S. W. 707; Cox v. Shropshire, 25 Tex. 113; Baines v. Baker, 60 Tex. 139; Taylor v. Ferguson (Tex. Sup.) 26 S. W. 46. As pertinent to the principle here involved, we cite Currier v. Sutherland, 54 N. H. 475.

Although the real estate in question was a homestead when the deed was executed, the design and effect of the conveyance was to actually prejudice creditors, because they might, but for the transfer, subject the premises to the payment of their claims, whenever the same were abandoned, and another homestead acquired. As a general proposition, a conveyance without consideration, from the husband to the wife, cannot stand, if the creditors are injured thereby. Woods v. Allen, (Iowa) 80 N. W. 540. True it is, as a general rule, that creditors are not injured by the conveyance of the homestead without consideration; but when the transfer is such that the property has not ceased to belong to the grantor, and the homestead right thereto has been abandoned both by the grantor and grantee, and another homestead acquired by them independently of the former, the statutory exemption right, thus fraudulently impressed with a secret trust, ceases to exist as to the premises first occupied, and a creditor made such by the wrongful act of the parties to such deed has the right to interfere. For the comfort and protection of the debtor and his family the homestead right was created, but not as an instrument by which to defraud either existing or future creditors. Our conclusion, therefore, is that the premises still remain the property of the respondent, Mike Ferrick, and that the deed, which is colorable only, and made pursuant to a secret agreement that his wife should hold the property beyond the reach of creditors, in case they should remove therefrom, should be set aside, as the mere contrivance of a dishonest debtor. The judgment appealed from is reversed, and the case remanded for future proceedings according to law.

HANEY, J., dissents.