### CITIZENS NAT. BANK AT BROWNWOOD, TEX., v. TURNER et al.

#### No. 8190.

Circuit Court of Appeals, Fifth Circuit.

April 16, 1937.

E. M. Critz, of Coleman, Tex., and Mc-Gillivray Muse, of Brownwood, Tex., for appellant.

R. R. Holloway, of Brownwood, Tex., for appellees.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

Appellant complains of a decree below dismissing its bill of complaint which sought to subject to the lien of its judgment, hereinafter mentioned, certain lands and other properties in Coleman and Brown counties, Tex., conveyed by J. B. Turner and his wife May Turner to their son, J. B. Turner, Jr.

On October 25, 1932, a judgment for $5,000 in favor of the receiver of Coggins National Bank was rendered against May Turner individually, to be satisfied only out of her separate properties, personal earnings and income, and not out of the separate property of her husband J. B. Turner, nor out of the community property of the two. Best v. Turner, 67 F.(2d) 786, 90 A.L.R. 1293. The judgment, later assigned to plaintiff, remains unsatisfied, Mrs. Turner having no separate property.

Learning that he was suffering from an incurable disease and that his death could not be long postponed, J. B. Turner, Sr., joined by his wife, May Turner, executed two deeds, dated November 26, 1934, conveying all their community property to their son, J. B. Turner, Jr., subject to the community debts, which debts the grantee was authorized to pay or secure as he might deem proper. The deeds, absolute on their face, were accompanied by a contemporaneous but unrecorded instrument executed by both grantors and the grantee, declaring that said conveyances to Turner, Jr., were in trust, with authority during the lives of the grantors to fully manage, convey, encumber, or lease, said property, but upon the death of the survivor of the grantors such authority should cease and the property be then partitioned between Turner, Jr., and his brothers and sisters. The conveyances were without consideration, except love and affection.

On September 25, 1935, J. B. Turner, Sr., died intestate. His wife survived him. Asserting that the purpose of said conveyances was to defeat a levy of plaintiff's execution upon the interest in the community which otherwise would have inured to Mrs. Turner upon her husband's death, appellant brought this suit against Mrs. Turner and her children to cancel said deeds and subject Mrs. Turner's interest in the property to appellant's judgment against her.

The general rule, upon which appellees rely, is that in order to invalidate a gift or other voluntary conveyance as fraudulent, the property must be of a kind to which the creditor can resort for payment of his debt, for otherwise he is not prejudiced by the conveyance. When property is immune from seizure by the creditor, he has no legal interest in it and cannot complain of its transfer, even though the conveyance was voluntary, with bad motive and to avoid creditors. Daugherty v. Bogy (C.C.A.) 104 F. 938; McClelland v. Barnard, 36 Tex.Civ.App. 118, 81 S.W. 591; Blum v. Light, 81 Tex. 414, 16 S.W. 1090; Luhrs v. Hancock, 181 U.S. 567, 21 S.Ct. 726, 45 L.Ed. 1005; Deering v. Holcomb, 26 Wash. 588, 67 P. 240, 561; 27 C.J. 438.

Appellant relies upon the principle, also well established in Texas, that where there is a mere sham or pretended conveyance of exempt homestead property for the purpose of placing it beyond the reach of the grantor's creditors, so that after the exemption shall have terminated the grantor may still enjoy the benefit of the property while his creditors are held at bay, such a pretended transfer may be avoided by existing creditors and the property subjected to their debt when the exemption ceases. Cox v. Shropshire, 25 Tex. 113; Baines v. Baker, 60 Tex. 139; Taylor v. Ferguson, 87 Tex. 1, 26 S.W. 46; Beard v. Blum, 64 Tex. 59; Eaves v. Williams, 10 Tex.Civ.App. 423, 31 S.W. 86; Kettleschlager v. Ferrick, 12 S.D. 455, 81 N.W. 889, 76 Am.St.Rep. 623; Sims v. Walsham (Ky.) 7 S.W. 557. Cf. Read v. Mosby, 87 Tenn. 759, 11 S.W. 940, 5 L.R.A. 122.

We are here concerned, not with exempt homestead property, but with community property. Appellant is not a creditor of the community, but of Mrs. Turner individually. Admittedly the property in question was community property when the deeds were executed. As such, it was not then subject to appellant's judgment, nor

rendered so merely because it was conveyed. As against appellant, the Turners were free to give away their community property to whom they chose, regardless of their motive in doing so.

Appellant asserts that the real purpose of the grantors in these transactions was to create out of their community property a secret trust for themselves for life, after which the property is to be divided amongst their children. If this was done with property then subject to appellant's judgment, such a conveyance would no doubt be fraudulent as against appellant. 27 C.J. 495, 530, 598, et seq.

Since, however, only community property immune from appellant's judgment is involved, appellant cannot complain of its voluntary conveyance to another, even without consideration and for the purpose of defeating appellant's judgment against Mrs. Turner individually, because appellant would not be thereby deprived of any property upon which it could have levied its execution, and therefore is not injured. See cases first above cited. For the same reason, the grantors were free, while the property remained so immune, to expressly and in terms create a trust in it for the benefit of their children. Appellant could not complain of the creation of such a trust in property which was not subject to its judgment when the trust was created. We find no reason to doubt that the grantors intended title to actually pass to the grantee for the purpose of creating a real and genuine trust for the benefit of their children, and that the property and its income should actually take the course already described through the trust so created. The principle as to sham conveyances of exempt homestead property does not apply.

Even if, as asserted by appellant, there was a tacit understanding between the parties that the grantors should enjoy the income from the property, so far as they needed it, during the lives of both grantors, and that the underlying purpose was to evade appellant's claim against Mrs. Turner individually, it is a complete answer to both propositions that the property involved was community property, neither the corpus nor the income of which was subject to appellant's judgment, and that the trust created in favor of the children was genuine and not merely a colorable one. 27 C.J. 438, et seq. As against appellant, the grantors were free to convey their community property in trust for their children as they did.

If the grantors secretly exacted a promise from the grantee-trustee to pay them the income from the property for life, so far as they needed it, such an arrangement deprived appellant of nothing upon which it was entitled to levy its execution, as its judgment does not, and never did, extend to the community property, nor the income therefrom.

The conveyances here involved were valid when made, even if burdened with a secret trust in favor of the grantors as asserted by appellant. Being valid when made, they are not rendered fraudulent merely by the subsequent dissolution of the community relationship by death of the husband. The conveyances involved in Cox v. Shropshire and like cases above cited were fraudulent when made, though the creditor could not move against them until the homestead status of the property terminated.

That the grantors chose oblique, rather than direct, means to an end not inherently objectionable, is not a sufficient reason for annulling conveyances which were valid when made, nor for defeating a trust which the grantors were free to create. The subject-matter of the trust being immune from appellant's execution when the trust was created, an intention in creating it to avoid appellant's judgment is not fatal.

Affirmed.