## ODOM v. EMPIRE BUILDING & LOAN ASS'N et al.

No. 12800.

Court of Civil Appeals of Texas. Dallas.
Nov. 11, 1939.

Rehearing Denied Dec. 9, 1939.

Brame & Brame, of Sherman, for appellant.

Jesse F. Holt, of Sherman, for appellees.

BOND, Chief Justice.

On May 15, 1937, appellee, Empire Building & Loan Association, a corporation, chartered under and governed by the laws of Texas relating to building and loan associations, instituted this suit against appellant, Fay Odom, primarily, in trespass to try title and, alternately, for debt and foreclosure of deed of trust lien on certain described property then in the possession of appellant. At the conclusion of the testimony, the cause being tried to a jury, the court instructed a verdict for plaintiff for title and possession of the property in controversy. For convenience, we will designate appellee, Empire Building & Loan Association, as plaintiff, and appellant, Fay Odom, as defendant, as in the court below.

On March 13, 1928, defendant and her then husband, J. B. Odom (since separated by divorce), borrowed $2,750 from plaintiff, for the purpose of taking up, renewing, adjusting, and extending certain indebtedness and liens against the land involved in this suit; and, on the same date, a deed of trust was executed on the land by J. B. Odom, in which Fay Odom appears to have fully joined. The note provides for payment of principal and interest in equal monthly installments and expressly declares that "if default shall be made in the payment of any installment of interest hereon, or if any dues or fines on said shares shall remain unpaid when due, and if such default in interest, dues or fines shall continue for four months after due date, then, at the option of the legal holder hereof, the whole amount of this note then unpaid shall at once become due and payable." The deed of trust makes similar maturity acceleration, the usual provisions for sale by trustee, at public vendue at the courthouse door, etc., and recites: "The note herein and hereby secured is this day given in lieu of, substitution for, and in renewal and extension of the following: (here is listed the preceding indebtedness against the land, aggregating the sum evidenced by the renewal note). It is distinctly *understood and agreed* that the note herein and hereby secured is given for money this day advanced by the Empire Building & Loan Association, a corporation, of Dallas, Texas, in taking up, purchasing, renewing and extending the above mentioned indebtedness, and it is also *understood and agreed* that the taking of this Deed of Trust shall in no manner or way waive, affect, release or impair the validity of the liens securing the payment of said indebtedness and any and all liens securing the payment of same shall remain in full force and effect until the full and final payment of the note herein and hereby secured, and the said Empire Building & Loan Association, its successors and assigns, are hereby *subrogated* to all the liens, rights, titles, interest and remedies under and by virtue of any and all the above mentioned liens, and shall have the absolute and uncontrolled right of application of payments thereon. It being distinctly *understood and agreed* that the lien hereof, and any and all liens, securing the payment of the note herein and hereby secured, are *first and prior* liens upon the property herein conveyed. The note herein and hereby secured being this day given and accepted in renewal and extension for the accommodation, and at the special instance and request of, the grantors herein by the said Empire Building & Loan Association, the beneficiary herein, its successors and assigns, are hereby continued in all the rights, legal and equitable, conferred by the lien herein, and any and all the above mentioned liens, the existence and validity of all of which are hereby expressly acknowledged and confessed by the undersigned." The deed of trust also provides for acceleration in default of installments for shares of stock subscribed in the Corporation.

On August 4, 1931, in accordance with the terms of the above deed of trust, the property was sold by trustee to the Empire Building & Loan Association and, in accordance therewith, a trustee's deed was executed and delivered to the purchaser, reciting the authoritative facts provided in the deed of trust for the sale.

The sale to the Empire Building & Loan Association is challenged by defendant on

several grounds: (1) That the deed of trust was never acknowledged by Fay Odom, who was at the time a married woman, occupying the property as her homestead; (2) that the sale of the property was not made at the courthouse of the county where the property was located, there being no designation of the place where the sale took place as a courthouse, by the Commissioners' Court of Grayson County; (3) that there existed no cause for acceleration of the indebtedness, therefore, the sale was premature; and, (4) that plaintiff's suit was barred by the three years' statute of limitation, Vernon's Ann.Civ.St. art. 5507, the defendant having occupied the premises, using and enjoying same as her homestead, for a period of more than three years prior to the institution of the suit. The assignments are followed by numerous applicable propositions, and we will discuss briefly all propositions under the contentions above stated.

■ On the first contention, defendant sought to prove, and offered testimony to the effect, that the deed of trust in question was signed by her only in the presence of her husband; that the notary's certificate to the deed of trust, purporting her acknowledgment thereof, was false, and that she did not appear before the notary public in the execution of it. The court refused the proffered testimony, for the reason that defendant's answer to plaintiff's suit did not raise the issue of such deficiency in the execution of the deed of trust. If such inquiry was a material issue in this case, the action of the court would require a reversal and remand of the cause. The defendant interposed a plea of "not guilty" to plaintiff's suit in trespass to try title. Under such plea, in pursuance of Article 7373, R.S., the defendant was entitled to give in evidence any lawful defense to defeat plaintiff's title, except the defense of limitation, which exception alone the statute provides shall be specially pleaded. Watson v. Aiken, 55 Tex. 536; Bracken v. Bounds, 96 Tex. 200, 71 S.W. 547; Barth v. Green, 78 Tex. 678, 15 S.W. 112; Pierce v. Texas Rice Development Co., 52 Tex.Civ.App. 205, 114 S.W. 857; Guest v. Guest, 74 Tex. 664, 12 S.W. 831; McKamey v. Thorp, 61 Tex. 648; Silverman v. Harmon, Tex.Civ.App., 250 S.W. 206; Taylor v. Ferguson, 87 Tex. 1, 26 S.W. 46; Salazar v. Ybarra, Tex.Civ.App., 57 S.W. 303; Wheelock v. Cavitt, 91 Tex. 679, 45 S.W. 796; Johnson v. Flint, 75 Tex. 379, 12 S.W. 1120; Fertitta v. Toler, Tex.Civ. App., 43 S.W.2d 467; Kauffman & Runge v. Brown, 83 Tex. 41, 18 S.W. 425; Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427; Collier v. Ford, Tex.Civ.App., 81 S.W.2d 821; Watson v. Hewitt, 45 Tex. 472; Hardy v. Brown, Tex.Civ.App., 46 S.W. 385; Freestone County v. McKinney, Tex. Civ.App., 285 S.W. 340; Tyler v. Thomas, Tex.Civ.App., 297 S.W. 609; City Nat. Bank of Houston v. Moody, Tex.Civ.App., 115 S. W.2d 745. Therefore, under the facts of this case, if the deed of trust was a valid obligation without the signature and acknowledgment of defendant, then, obviously, the action of the trial judge, in refusing the defendant's proffer, was not error, although he may have assigned an incorrect reason therefor.

■ The facts are undisputed: On May 5, 1928, J. B. Odom, who was then the husband of defendant, Fay Odom, purchased the land in controversy from Pat Wilson and wife. At that time, and for a long time prior thereto, debts and liens had been created and were in existence against the property. These debts and liens had been assigned, by proper legal transfers, to the Empire Building & Loan Association, and were valid and subsisting legal liens against the property before the homestead privilege of Odom and wife attached to the property. On March 13, 1928, J. B. Odom and Fay Odom signed the note and deed of trust in question, in lieu of, substitution for, and in renewal and extension of the prior debts and liens. It is well settled by numerous authorities that, the joinder of the wife and her privy acknowledgment to renewal and extension of debts and liens are wholly unnecessary. The husband alone, without the wife's joinder, has the right to renew, extend, and adjust all prior existing debts and liens, or even to sell the homestead to satisfy such indebtedness. The only limitation to the husband's right of extension and adjustment of such encumbrances, or sale of the homestead to satisfy such liens, is that, he act in good faith and not in fraud of the wife's homestead rights. Under the laws of this state, and universally, the husband is the head of the family, and it devolves upon him to provide the homestead; and, equally so, to protect it from the inevitable consequence of foreclosure in default of liens thereon. Indeed, during the life of the

husband, the rights of the wife are passive; his are active. The Texas Jurisprudence gives him the absolute control and disposition of their property, not in fraud of his wife's privileges. The husband has, and usually exercises, dominion over their entire property, even the homestead, to protect it from the fatal consequences of delinquent encumbrances. There is no intimation in this record that the husband in this case, in executing the renewal and extension note and deed of trust, acted in fraud of his wife. The record disclosing that the preceding encumbrances against defendant's after-acquired homestead had to be renewed or discharged, or the liens adjusted, thus, the renewals had precedence over defendant's homestead privileges. Therefore, we think, the note and deed of trust, the basis of the sale, and trustee's deed to the plaintiff, executed by the husband in renewal and extension of the prior debts and liens, created no new encumbrance on the property, and they were such that the joinder of the wife was not necessary to effect their validity. The action of the trial court, in excluding the testimony, being harmless under the facts of this case, appellant's assignments on the issue are each overruled. We are supported in our conclusion by the following authorities: White v Shepperd, 16 Tex. 163; Clements v. Lacy, 51 Tex. 150; Investors' Mortg. Securities Co. v. Lloyd, 11 Tex. Civ.App. 449, 33 S.W. 750; Hall v. Hix, Tex.Civ.App., 297 S.W. 491; Texas Homestead and Other Exemptions, Nunn, p. 65, Sec. 20. Law of Marital Rights in Texas, Speer, 3rd Ed., p. 574; 22 Tex.Jur., Sec. 203, p. 291.

■ As related above, the deed of trust expressly directs a sale of the mortgaged property, at public vendue at the courthouse door of Grayson County, Texas, in which county the land is situated. The sale, however, took place at the door of a building in the City of Sherman, Grayson County, known as the Junior High School Building, pursuant to notices posted for such sale. In 1930, the courthouse of Grayson County was destroyed by fire, leaving only the vaults of the county and district clerk intact. The Commissioners' Court leased the Junior High School Building, expressly reciting in the lease that, same shall be used "as a temporary courthouse to accommodate the various officials and their office force", and immediately thereafter, on account of such situation, the two district courts, county and commissioners' court of Grayson County, and all of the executive officers of the county, moved into the temporary location and thereafter transacted all the official business of the county at the leased premises, until about March, 1932; all sales under foreclosure and execution were had at the temporary location, until the former courthouse was restored. We think, the leasing of the building as a temporary courthouse, its use by the county for county business, and the holding of court by the various district and county judges, is tantamount to a formal dedication of such structure as a courthouse, within the contemplation of the parties to the deed of trust. It was the only place, at the time, where the affairs of the county were transacted, where all sales under execution and foreclosure took place, and was so used at the time of the sale of the premises in controversy. We fail to see merit in defendant's contention that, the place where the sale took place was not the then courthouse for Grayson County. Accordingly, the assignments relative to the contention made are overruled.

The Empire Building & Loan Association was created under Art. 852, et seq., R.S. for the purposes authorized, as indicated by its name. The note and deed of trust involved in this suit represented an ordinary building and loan transaction, in which the borrower purchased stock in the Association agreeing to pay for it in small monthly installments; it being contemplated that, when the stock matured, it would be applied, at the borrower's option, to the liquidation of the note, as authorized by the laws of Texas governing such Association. The loan obligated the borrowers to make the monthly payments on the stock as well as monthly payment of interest and principal, and the maturity of the stock also matured the note. The defendant and her husband purchased twenty-eight shares of the stock, of par value of $100 each. The acceleration provision of the loan provides that, if there is default of payment of either interest or the stock installments, and such default continue for four months, the whole of the note thereof shall become due, and expressly authorizes, on account thereof, foreclosure under the terms of the deed of trust.

■ The record shows conclusively that, prior to the time of the foreclosure, 41

monthly stock installments had accrued, and only 18 of them had been paid, leaving twenty-three installments delinquent. It is evident, therefore, that they were more than four months delinquent, and, under the terms of the loan, the balance due on the note was declared due, thus empowering the plaintiff to sell the land under the powers of the deed of trust. We overrule the assignments challenging the prematurity of the foreclosure.

We have carefully considered defendant's further assignment as to her plea of limitation, finding no merit therein, without further notice, it is overruled.

From the above, we conclude that the trial court did not err in peremptorily instructing the jury in favor of the plaintiff for the title and possession of the land in question; the judgment of the court below is affirmed.

Affirmed.