**HAMAKER v. HEFFRON (two cases).**

No. 10856.

Circuit Court of Appeals, Ninth Circuit.

Feb. 28, 1945.

Rehearing Denied May 29, 1945.

982

Frank H. Love, of Los Angeles, Cal. (A. L. Abrahams, of Los Angeles, Cal., of counsel), for appellants.

Thomas S. Tobin, of Los Angeles, Cal., and George A. Hart, of Long Beach, Cal., for appellee.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

BONE, Circuit Judge.

This controversy arises in bankruptcy proceedings pending in the District Court for the Southern District of California, Central Division.

Voluntary petitions in bankruptcy were filed at different times by appellants, William Nelson Hamaker and Orelia B. Hamaker, his wife, in the District Court, the matters were referred to referees and the appellants were adjudicated bankrupts. An order discharging William Nelson Hamaker was made on November 12, 1936; Orelia B. Hamaker was discharged on February 8, 1940.

On October 28, 1943, upon petition of the Bank of America, a creditor, the estate of Orelia B. Hamaker (hereinafter referred to as the wife) was reopened and referred to a referee. Proceedings were had, a meeting of creditors held, and William I. Heffron (hereinafter referred to as the trustee) was elected trustee in said reopened estate. On November 4, 1943, a like petition was filed by said bank and like proceedings were had in the estate of William Nelson Hamaker (hereinafter referred to as the husband), a meeting of creditors held, and William I. Heffron elected trustee. The trustee filed a petition in the wife's estate asking that an order issue requiring the bankrupt to convey certain property to the trustee. Upon the petition an order to show cause against the wife was made and served. Upon a like petition, a like order was made against the bankrupt husband. Upon a hearing on these orders to show cause (consolidated by agreement and order), the referee made findings of fact, conclusions of law and a turnover order requiring the bankrupts to execute conveyances of certain property described in the aforesaid petitions. That is, the wife was ordered to turn over certain real property held by her in Nebraska and in Fresno County, California. The husband was ordered to turn over certain painting and statuary.

Within the time provided by law the bankrupts filed their petition for review of the referee's order by the District Court. The petition was granted, the matter argued before the court, and the referee's decision was affirmed. Bankrupts appeal.

The facts of the case appear to be these: The two bankrupts married in 1915 and ever since have been husband and wife and residents of California. Prior to the year 1933 the wife was the owner of a one-fourth interest in certain real property situated in the City of York, County of York, State of Nebraska. She acquired this property as a gift from her father. On March 30, 1933, the wife deeded this

Nebraska property to her brother, John I. Boyer in part payment of a debt the bankrupts claimed they owed the brother. Prior to 1934 the wife acquired as her separate property a three-fifths interest in certain oil land in Fresno County, California. The record is not clear as to how she acquired the property but it appears to have been given to her by her husband in the year 1927 or before. On February 6, 1934, this property was also transferred to John I. Boyer. The deed to the Nebraska property was recorded in the county recorder's office in York County, Nebraska, October 27, 1934. The deed to the Fresno County property was recorded during the year 1934.

At the time of the marriage the husband was the owner of some oil paintings and statuary located in the rooms of the Los Angeles Athletic Club. The bankrupts claimed that the husband gave these objects of art to the wife as a wedding present. There was no change of possession and nothing done so far as the physical situation was concerned to indicate the transfer, nor was the Los Angeles Athletic Club notified that the wife was the new owner. In 1936 after the husband was discharged in bankruptcy the wife made a gift of these pictures to him through an executed bill of sale.

On November 8, 1927, the husband and wife executed and delivered to the Bank of Italy (now Bank of America) a promissory note in the sum of $12,500. The note was secured by a deed of trust. The amount of the claim which it appears from the record was the only claim filed in the wife's bankrupt estate was a deficiency judgment arising out of a suit upon this promissory note for $12,500, after the foreclosure of the trust deed. The claim was represented by a judgment in favor of A. G. Brown, assignee of the bank, which showed that the judgment was rendered July 22, 1936, for $7,918.49 and $307.55 attorney's fees. The claim in the husband's estate was for the deficiency, and no judgment was taken therefor against him because of his pending bankruptcy proceedings.

The testimony in this case shows that the wife never disclosed to her trustee, the referee, nor to anyone that she had at one time been the owner of the Nebraska or Fresno property. Also the testimony shows that the husband never mentioned to his trustee nor to anyone anything concerning the paintings and statuary in the Club, nor that he had, or ever had, any interest in oil property in Fresno County.

The record discloses that on February 13, 1940, the said John I. Boyer executed and delivered to the wife a deed for a one-fourth interest in the Nebraska property. This deed was recorded February 16, 1943. On February 20, 1940, said John I. Boyer gave written instructions to the First Trust Co. of York, Nebraska to pay all future income from this one-fourth interest in the property to the wife. The Trust Co. was operating the property for the owners. On August 6, 1942, Boyer transferred to the wife the three-fifths interest in the Fresno property. Boyer died on February 21, 1943.

The principal questions on appeal narrow themselves down to these three: (1) Did the wife's signature upon the note and deed of trust give the bank a right against her separate property in 1933 and 1934 so that her conveyance to her brother, John I. Boyer in those years might be termed fraudulent as against her creditors; (2) if that question is answered in the negative, then would the 1936 judgment entered against the wife alone, and constituting the claim against the wife's estate in this proceeding, give the trustee any claim to separate property which the wife had previously transferred; (3) do the creditors have any right to the objects of art in the Los Angeles Athletic Club?

1. Under the Bankruptcy Act, subdivisions a (4) and e of § 70, 11 U.S. C.A. § 110, the trustee is vested at the time of bankruptcy with the right and title of the bankrupt as of the date of filing the petition in bankruptcy to all property transferred by the bankrupt in fraud of creditors, and any transfer by the bankrupt which under any State or Federal law applicable would be fraudulent as against any creditor of the bankrupt shall be null and void as against the trustee of the bankrupt.

The contention of the trustee is that the bankrupts and John I. Boyer arranged the conveyances of the property in question with the intent to defraud creditors.[1] In order to determine whether a fraudulent transfer was consummated, we must decide whether the bank was ever a creditor of the wife. Thus the question presents itself

[1] For applicable statute before 1939 see Civil Code of California, § 3439; for statute after 1939 see Code, § 3439.07.

as to the liability of the wife's separate property when she signs her name to a note and deed of trust securing a debt of the husband or of the community.

Prior to the enactment of § 171b of the Civil Code of California in 1937, the liability of the wife's separate property under these circumstances appears to be uncertain.[2] But the question as far as the present case is concerned has been answered by the California court by applying a rule of contract law.

In this regard the circumstances surrounding the signing of the note are important. In his testimony the husband explained the obligation in these words:

"The note dated November 8, 1927, for $12,500, I gave to the Bank of America. I did not receive cash for it. At that time I was criticized for making loans aggregating $12,500 and I gave my note secured by trust deed on the home which was occupied by myself and wife to secure the note."

It thus appears that this was a note and trust deed to cover an antecedent debt of the husband or at most of the community incurred by the husband. Under these circumstances, and since the rights of the parties are determined by applicable state law, the case of Chaffee v. Browne, 109 Cal. 211, 41 P. 1028, 1031, seems controlling. In that case the husband maintained an account with a general store where husband and wife bought goods for the family. The account finally grew to around $1,400 at which time the husband and wife jointly signed a mortgage to secure the debt. The wife specifically stated therein that she wished such mortgage to be a lien upon certain property she was to receive from her father's estate then in probate. The mortgagees sued to foreclose the mortgage on such separate property of the wife. The court held that this was a debt for which the husband was personally liable but for which the wife assumed no personal liability until she signed the mortgage. Thus the Court said: "It follows that in the execution of this mortgage the defendant [wife] undertook to assume and secure her husband's antecedent debt. 'No new consideration was given at the time it was executed. The wife received nothing. The husband received nothing. The creditor parted with nothing. The instrument was therefore no more than a collateral security given for an old debt of the husband' (Bayler v. Commonwealth, 40 Pa. 37 [80 Am. Dec. 551]), and was not obligatory in the absence of new consideration (Civ.Code, §§ 2792, 2821, 2844; Bohne v. Hoffer, 2 Colo. App. 146, 29 P. 905.)" Although certain sections of the Civil Code have been amended since the time of Chaffee v. Browne, these amendments have not changed the rule in that case. See Medical Finance Ass'n v Allum, 1937, 22 Cal.App.2d Supp. 747, 66 P.2d 761; Royer v. Kelly, 1916, 174 Cal. 74, 161 P. 1148.

The situation in this case and that in the Chaffee case seem analogous. Here the husband and wife merely signed a note and deed of trust to secure an antecedent obligation (or what looked as if it might turn out to be an antecedent obligation) of the husband, or at most of the community. Neither party received any consideration for the note. The bank gave up nothing. Therefore, it appears that at the time of the transfers in 1933 and 1934 the separate property of the wife could not be subjected to this note and deed of trust, even assuming that in other cases the separate property of the wife may be subjected to liability for her signature on the note.[3] See Citizens Nat. Bank v. Turner, 5 Cir., 89 F. 2d 600.

■■ 2. In regard to the second question, that is the effect of the 1936 judgment, the rule in California is that where a judgment making the wife personally lia-

---

[2] See 26 Calif.Law Rev. 329.

[3] Although this rule of law would cover any separate property that the wife owned, it should also be noted that as to the Nebraska property, the Nebraska law would govern whether or not that real property passed to the trustee. Spindle v. Shreve, 111 U.S. 542, 4 S. Ct. 522, 28 L.Ed. 512; Suskin & Berry v. Rumley, 4 Cir., 37 F.2d 304, 68 A.L. R. 768; In re Martin, 6 Cir., 47 F.2d 498. The rule in Nebraska is that the signing of a promissory note by a married woman does not render her separate property liable for its payment "unless the plaintiff shall establish by a preponderance of the evidence that the note was made with reference to or upon the faith and credit of the wife's separate estate or business, and with an intention on her part that her separate property shall be bound for its payment." State Nat. Bank v. Smith, 55 Neb. 54, 75 N.W. 51. See also Grand Island Banking Co. v. Wright, 53 Neb. 574, 74 N.W. 82.

ble is made final, the judgment creditor can levy upon the wife's separate property even though the debt which gave rise to the judgment was a debt of the community and not of the wife separately. See Kirkpatrick v. Harvey, 51 Cal.App.2d 170, 124 P.2d 367. In other words, the wife must show in the original proceeding that the creditor has no right to reach her separate property. After a judgment is entered making her personally liable upon its face she cannot collaterally attack that judgment by showing that in fact it was a community debt, and that her separate property should not be held. She has in effect waived such a defense.

■ Such a rule of law, however, is of no avail to the trustee in this case. Under §§ 70, sub. a and 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a and sub. e, the trustee has at the time of bankruptcy the right and title to property transferred by the bankrupt in fraud of creditors if such transfers are fraudulent under any State or Federal act applicable. Here the Nebraska property was transferred to Boyer in 1933 and the Fresno property in 1934. The judgment was taken against the wife in 1936. There is nothing in the record to controvert the wife's statement that both of these pieces of property are her separate property. As we have found that prior to the 1936 judgment the wife's separate property was not liable to the bank's claim, then it must follow that the wife's transfers were not fraudulent as to the bank because at that time the wife could not have intended to defraud the bank as a creditor since the bank was not her creditor. Citizens Bank v. Turner, supra. When the wife allowed judgment to be entered against her in 1936 she merely waived any right she might have had to exclude her separate property that she then owned; not property she previously owned. Cf. 4 Remington on Bankruptcy, §§ 1590, 1591, 5th ed., 1943.

Therefore, we find that since the wife's property was her separate property and was not at the time of the 1933 and 1934 transfers property which the creditor bank could have reached, the judgment of the district court as to this property is reversed.

3. The third question deals with the rights of the trustees to the oil paintings and statuary situated in the Los Angeles Athletic Club. The referee found that the statuary and paintings constituted property belonging to the estate of the husband which was transferred by him in fraud of his creditors. Therefore title to the property was held to be vested in the trustee. The trustee has sold the property and impounded the proceeds of the sale.

The bankrupts claim that the paintings were given by the husband to the wife the day of their marriage in 1915. There was no delivery of them. They were left at the Club. There is also evidence of the fact that after the husband went through bankruptcy, the wife transferred the paintings to the husband in 1936. Neither husband nor wife listed the paintings or the statuary in their schedules.

■ Appellants claim that such pictures are exempt because they are "hanging pictures" and thus come under the exemptions listed in § 690.2 of the Code of Civil Procedure of California.[4] But upon a full reading of the section it does not appear that the "hanging pictures" mentioned in the statute were meant to cover the paintings of the character here in question. There is no evidence that these oil paintings were either family portraits or that they were drawn or painted by any member of the family. Furthermore, this section of the code does not cover the statuary.

■ We find no merit to the appellant's claim of error in regard to the paintings and statuary. The finding of the referee and the judgment of the District Court as to this portion of the proceeding are affirmed.

The views herein expressed make it unnecessary to discuss certain other questions suggested in appellant's brief.

The judgment of the District Court requiring the wife to turn over the Nebraska property and the Fresno County property is reversed. The judgment of the District

4 § 690.2 as far as appropriate to our discussion reads:

"Necessary household, table, and kitchen furniture belonging to the judgment debtor, including one refrigerator, washing machine, sewing machine, stove, stove-pipes and furniture; wearing apparel, beds, bedding and bedsteads, hanging pictures, oil paintings and drawings drawn or painted by any member of the family, and family portraits and their necessary frames * * *" See Bankruptcy Act, § 6, 11 U.S.C.A. § 24.

Court requiring the husband to turn over the paintings and statuary in the Los Angeles Athletic Club, or the proceeds thereof, is affirmed.